## BOEHM v. COMMISSIONER OF INTERNAL REVENUE.

### No. 22.

Circuit Court of Appeals, Second Circuit.

Jan. 11, 1945.

————◆————

Louis Boehm, of New York City (Bernard D. Fischman, of counsel) for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

SWAN, Circuit Judge.

In 1929 the taxpayer bought stock of the Hartman Corporation at a cost of $32,440. She claimed that this stock became worthless in the year 1937; and in the same year she received $12,500 as her share of a settlement of a stockholders' derivative action brought by her and other stockholders against directors and officers of the corporation. Accordingly, in her income tax return for 1937 she claimed a deduction of $19,940 as a loss sustained on her stock. The Commissioner denied the claimed deduction on the ground that the loss was not sustained in that year, and he included the $12,500 settlement recovery as taxable income. The Tax Court sustained both rulings. This appeal challenges their correctness.

The precise year in which a loss for worthless stock may be successfully claimed as a deduction in computing net income is always a troublesome question for

a taxpayer. "Losses sustained during the taxable year and not compensated for by insurance or otherwise" are allowable deductions, section 23(e) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 23(e); but whether the loss on stock in a corporation which has become insolvent was "sustained" in the taxable year or some other year presents a question of fact frequently not easy of determination and upon which the taxpayer must carry the burden of proof. Keeney v. Commissioner of Internal Revenue, 2 Cir., 116 F.2d 401. The Tax Court found specifically that the petitioner's stock did not become worthless in 1937, and in its opinion stated that the evidence clearly shows that it became worthless prior to that year. This finding of fact can be reversed only if unsupported by substantial evidence. Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239; Mahler v. Commissioner of Internal Revenue, 2 Cir., 119 F.2d 869, certiorari denied 314 U.S. 660, 62 S.Ct. 114, 86 L.Ed. 529. We cannot say there is no substantial support for it. In June 1932 equity receivers were appointed for the corporation; their report of August 10, 1934 showed outstanding claims of $707,-430.67 and assets of only some $39,000 in cash and the derivative stockholders' action above mentioned, which will be referred to hereafter as the Graham suit. In July 1935 the receivers filed a second report; it showed the cash to have been reduced to about $27,000, mentioned again the Graham suit and the same amount of outstanding claims, and recommended that claims totaling $630,574.57 be allowed and a dividend of 4 per cent. be paid thereon. The court adopted the report and its recommendations, and discharged one of the two receivers. The remaining receiver filed a final report and was discharged in September 1937. This report listed as the sole remaining asset cash in the amount of $1909.-94. The Graham suit had been dismissed on stipulation in May 1937. That suit was instituted in December 1932 by the taxpayer and eight other plaintiffs on behalf of themselves and all other stockholders who might intervene. It charged the defendant directors and officers with waste, mismanagement and violation of their duties as fiduciaries, and prayed that they be required to account to the corporation and pay to it the loss and damage it sustained by reason of their wrongful acts. During the years 1933 to 1936, inclusive, extensive examinations were had of certain of the defendants, and the plaintiffs expended some $2,800, exclusive of attorney's fees, in connection with taking such testimony. Shortly before the case was to be reached for trial, the suit was settled. On February 20, 1937 the sum of $50,000 was paid by the defendant directors in full settlement and discharge of the plaintiffs' claims. The taxpayer's share of the settlement, after payment of counsel fees and expenses, amounted to $12,500.

It is apparent from the receivers' reports of 1934 and 1935 that the corporation was hopelessly insolvent and its stock worthless, unless a recovery should be made in the Graham suit large enough to pay off creditors, whose allowed claims totaled some $630,000. The Tax Court thought that not enough was shown to justify an inference that these claims would be paid. On this subject Judge Van Fossan's opinion says: " * * * We have no evidence on which to base a conclusion that the Graham suit was an asset of any substantial value. We know nothing of the merits of the suit, the probability of recovery, the assurance of the collection of a judgment, or other essential factors. The stipulated fact that the defendants were men of financial responsibility is not sufficient to establish the collectibility of a recovery equal to the outstanding claims. These claims aggregated more than half a million dollars and had to be satisfied before there would be anything for the stockholders. In our opinion, all value had gone from the stock prior to 1937."

Despite the huge damages, running into millions, which the complaint alleged the corporation had suffered from the directors' mismanagement, the Tax Court's inference of fact that the litigation would not produce enough to restore any value to the stock cannot be said to be so unreasonable as to justify setting it aside. Indeed, it finds support in the conduct of the taxpayer herself, whose income tax return for the year 1934 claimed a deduction (disallowed by the Commissioner) of $32,302 as a loss due to the worthlessness of her stock, thus indicating that she herself then inferred, despite the pending suit, that the stock became worthless in that year. See Forbes v. Commissioner of Internal Revenue, 4 Cir., 62 F.2d 571, 574. The fact that other stockholders did not intervene and that the equity receivers were not in-

terested to prosecute the corporation's cause of action against its directors is also not without significance in appraising the probable value of this asset.

■ The petitioner argues that the definitive event which determined whether there would be a loss and, if there was, the amount of it was the settlement of the Graham suit in 1937. Particular reliance is placed in Morton v. Commissioner of Internal Revenue, 4 Cir., 104 F.2d 534, 536, for the proposition that the final settlement of litigation is "the determinative event which fixed the time of the loss." There a mortgage foreclosure sale of the taxpayer's property was had in 1932 and litigation involving the validity of the sale was settled in 1934. The taxpayer claimed his loss was sustained in the latter year, not in the year when the property was sold on foreclosure, and the court so held because the validity of the sale was not determined until the litigation ended. This principle is not applicable to the case at bar. Here there were identifiable events—receivership and the receivers' reports—which showed the stock to be utterly worthless, unless a stockholders' derivative action of unproven value should restore some $600,000 to the corporate treasury. The probability of such a result was too speculative to permit stockholders to postpone the taking of their losses until termination of the litigation. See Young v. Commissioner of Internal Revenue, 2 Cir., 123 F.2d 597, 599. Instead of being governed by Morton v. Commissioner of Internal Revenue, supra, the situation at bar is more analogous to that involved in Niagara Share Corp. v. Commissioner of Internal Revenue, 4 Cir., 82 F.2d 208, which the court cited and distinguished in the Morton opinion. In the Niagara case the taxpayer sustained a loss on the sale of securities in 1930, but had a claim against three individuals who had given a guaranty against the loss but denied liability on their guaranty. The court held that the loss should be taken in the year when suffered and the recovery, if any, accounted for in the year when litigation on the guaranty ended. In accord is our own decision in Commissioner of Internal Revenue v. John Thatcher & Son, 76 F.2d 900. The case of Sabath v. Commissioner of Internal Revenue, 7 Cir., 100 F. 2d 569, also relied upon by the petitioner, we regard as distinguishable on its facts.

■ The petitioner further argues that the question to be determined is not wheth-er the stock actually became worthless before 1937 but whether she honestly believed that it had some value until settlement of the litigation. This court has approved the objective rather than the subjective test in determining the worthlessness of stock. Squier v. Commissioner of Internal Revenue, 2 Cir., 68 F.2d 25, 27; Olds & Whipple v. Commissioner of Internal Revenue, 2 Cir., 75 F.2d 272, 275; Mahler v. Commissioner of Internal Revenue, 2 Cir., 119 F.2d 869, 872, certiorari denied 314 U.S. 660, 62 S.Ct. 114, 86 L.Ed. 529. In the Mahler opinion we said that a taxpayer must claim his deduction "in the year in which events are such as to furnish convincing evidence that the stock has in fact become worthless in that year." In so far as Smith v. Helvering, 78 U.S.App.D.C. 342, 141 F.2d 529, adopts the subjective test we must respectfully disagree with it.

■ For the foregoing reasons we affirm the ruling that the loss was not sustained in 1937. But we are constrained to disagree with the ruling that the settlement payment of $12,500 should be included as taxable income to the petitioner. The Tax Court's opinion states: "On the record we are unable categorically to catalog and characterize the payment. We can not determine whether it was replacement of capital, restoration of lost profits, compensation for damages suffered, nuisance value, or some other type of payment. In this situation we have no alternative to holding that petitioner, on whom rested the burden of proof, has not proved that the item was not income."

In holding that the taxpayer had not proved that the payment was not income we think the court was in error. The complaint in the Graham suit charged that the defendant directors had acted illegally and in a manner destructive of the corporation and the rights of its stockholders, and to its and their great damage. Clearly whatever the petitioner received in settlement was paid her as a stockholder and represented damages for destruction of the value of her stock caused by the allegedly illegal acts of the defendants. Since her stock had become worthless before 1937 and since she had never received any deduction from her gross income in any taxable year by reason of the loss of her investment in the stock, the sum she recovered in the settlement must be regarded as a capital item in reduction of her loss rather than as income. In Estate of James N.

556

Collins, 46 B.T.A. 765, the Board of Tax Appeals under similar circumstances applied the so-called tax benefit principle and treated the compromise of litigation as resulting in capital gain rather than taxable income to the taxpayer, and its action was upheld in Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239. Uniformity of tax administration requires application of the same principle in the case at bar. Accordingly the decision is reversed and the cause remanded.