## BEAUDRY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 89.

Circuit Court of Appeals, Second Circuit.

June 4, 1945.

Before SWAN, CHASE, and FRANK, Circuit Judges.

Arthur A. Beaudry, of New York City, for petitioner.

Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Morton K. Rothschild, all of Washington, D. C., for respondent.

FRANK, Circuit Judge.

1. The Tax Court found that, in the taxable years 1938 and 1939, taxpayer, engaged in the general practice of law, had a law library in a room in his residence, and that the room was used "entirely for professional purposes," by taxpayer, associate lawyers and taxpayer's clients. The Tax Court sustained the Commissioner in disallowing tax deductions for depreciation on several furnishings of the room including a radio, a cocktail-table, a rug in an ante-room to the library, a stand, a grandfather clock and a painting.[1] As to all of these items except two we see no basis for the decision, as they

[1] The pertinent statute is § 23 of the 1936 Act, 26 U.S.C.A. Int.Rev.Acts, page 827.

were used in taxpayer's "trade or business." The decision was correct as to the painting and the grandfather clock since taxpayer did not show that it was subject to "exhaustion, wear or tear" or "obsolescence." Disallowance by the court of depreciation on two items designated "W. H. Jackson" and "Work by Mat" was proper as taxpayer offered no proof as to whether they were depreciable.

▮ 2. Taxpayer objects to an allowance of depreciation limited to 5% on his lawbooks as insufficient, asserting that the only evidence in the record consisted of the testimony of an expert to the effect that the books had a life of twelve to thirteen years. But the expert reached his conclusion by averaging the life of divers types of books in the library without weighting his average to allow for the quantities of the several types. Taking into account Bulletin "F" of the Treasury Department[2] and the Tax Court's own knowledge of the life of such books, we cannot say that the Court erred on this issue of fact.

▮ 3. The taxpayers, in 1937, spent $1,800 to install shelving and related cabinet work in the library; soon after the shelves warped and collapsed and were rebuilt in 1938 at a cost of $748.50. A witness who had been in the furniture business for thirty-three years testified that shelving ordinarily lasts five years. We cannot say that the Tax Court erred in deciding that the $748.50 was a capital expenditure and therefore not deductible as an "ordinary and necessary" expense.[3]

▮ 4. In 1929, the taxpayer paid $7,500 for sixty-five shares of common and ten shares of preferred stock in the Caledonia Holding Corporation and still owns them. The company stock consisted of 300 shares preferred and 900 of common. In 1938 he deducted the amount of his investment as a capital loss on the ground that the stock had "become worthless" in that year, within the meaning of § 23(g) (2) of the 1938 Act. The Tax Court sustained the Commissioner in disallowing this deduction. As the taxpayer had the burden of showing that the stock had become worthless in 1938, we must, on the evidence, sustain the Tax Court. The company's assets in 1929 consisted of four parcels of improved city real estate, two of which it lost through foreclosure of mortgages in 1933, as taxpayer then knew. At that time the remaining parcels, according to expert testimony, had a fair value of $52,000, which has not since then increased, and were and have since been subject to mortgages of not less than $67,-000.[4] The company suffered a net loss, after deducting depreciation, in each year beginning with 1933.[5] The Tax Court was not obliged to give any weight to the testimony of the expert that the property had a "potential value" (in the sense that optimism would induce an owner not to abandon it) until it showed an annual loss of more than $1,000 for two or three years.[6]

▮ 5. The President of the Caledonia Company told the taxpayer in 1932 that the company was in need of money. The taxpayer and another stockholder then made it a loan of $4,400, taxpayer's share being $2,750. These loans were secured by junior mortgages on the company's real estate. No principal or interest was ever paid on the loan made by taxpayer. In his 1938 return, taxpayer deducted this $2,750. The Commissioner disallowed the deduction on the ground that the debt was not "ascertained to be worthless" in that year within the meaning of § 23(k) (1) of the 1938 Act, 26 U.S.C.A. Int.Rev.Acts, page 1013. The Tax Court sustained the Com-

---

[2] The pertinent portion of this Bulletin reads:
"Professional and Scientific Equipment: Under this heading will come libraries and equipment used in professional activities. The life usually applied to professional libraries is 30 years, while the life for scientific equipment used by dentists, doctors, etc., is usually 10 years."

[3] The pertinent statute is § 23(a) (1) of the 1938 Act, 26 U.S.C.A. Int.Rev.Acts, page 1011.

[4] The mortgage on one piece exceeded its fair value by at least $8,000, and the mortgage on the other exceeded its fair value by at least $7,000.

[5] The figures are as follows:

|  | Gross Receipts | Total Expenses | Net Loss |
|---|---|---|---|
| 1933 | $12,179.18 | $13,098.46 | $ 919.28 |
| 1934 | 12,608.87 | 12,775.78 | 166.91 |
| 1935 | 12,148.29 | 12,532.41 | 384.12 |
| 1936 | 11,964.27 | 13,253.64 | 1,289.37 |
| 1937 | 13,111.72 | 13,301.34 | 189.62 |
| 1938 | 13,095.31 | 14,844.92 | 1,749.61 |
| 1939 | 13,309.15 | 15,266.28 | 1,957.13 |
| 1940 | 13,765.81 | 16,449.14 | 2,683.33 |

[6] The worthlessness of stock is, of course, to be determined on an objective rather than a subjective basis. Boehm v. Commissioner of Internal Revenue, 2 Cir., 146. F.2d 553, 555.

missioner. It made a finding which may be fairly construed to mean that a reasonable man, having the taxpayer's information, would have known before 1938 that the debt was worthless. We have held that more is required, i.e., that the test is whether (a) the debt was thus worthless and (b) believed so to be by the taxpayer. Rosenthal v. Helvering, 2 Cir., 124 F.2d 474; Harris v. Commissioner of Internal Revenue, 2 Cir., 140 F.2d 809; cf. Mayer Tank Co. v. Commissioner of Internal Revenue, 2 Cir., 126 F.2d 588, 591. We remand for a further finding on this issue.

Modified in part and remanded in part.