ALLAN GUDMUNDSSON and LAVONNE GUDMUNDSSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gudmundsson v. Commissioner
Docket No. 1238-77.
United States Tax Court
T.C. Memo 1978-299; 1978 Tax Ct. Memo LEXIS 213; 37 T.C.M. (CCH) 1249; T.C.M. (RIA) 78299; August 1, 1978, Filed *213 (1) Ps were teachers. During 1974, they maintained and used a home office, which contained antique furniture and a library. Held, Ps failed to establish the useful life and business use of the furniture and the basis, business use, and useful life of the library; therefore, they are not entitled to depreciation deductions for them under sec. 167, I.R.C. 1954. (2) Ps spent $ 125 on educational materials in 1974. Held, they are entitled to a deduction for such materials as buisness expenses under sec. 162(a), I.R.C. 1954. (3) Ps used their car for transportation to PTA meetings and education courses and to take students to activities for their benefit. Held, automobile expenses incurred in traveling to PTA meetings are commuting expenses and nondeductible under sec. 162(a); held, further, automobile expenses incurred in attending an education class and in transporting the students to activities are business expenses and deductible. Sec. 162(a). (4) Ps paid $ 400 to their grandmother for child care provided by her. Held, money paid to her may not be deducted as an employment-related household expense under *214 sec. 214, I.R.C. 1954. Allan Gudmundsson, pro se. Marion K. Mortensen, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 523.00 in the petitioners' Federa income tax for the calendar year 1974. One issue has been conceded by the Commissioner; the issues remaining for decision are: (1) Whether the petitioners are entitled to a depreciation deduction for furniture in a home office; (2) whether they are entitled to a depreciation deduction for a home library; (3) whether they are entitled to deductions *216 for books and transportation expenses; and (4) whether they may claim a deduction for money paid to their grandmother for child-care services. FINDINGS OF FACT The petitioners, Allan and Lavonne Gudmundsson, husband and wife, maintained their legal residence in San Diego, Calif., at the time they filed their petition in this case. They filed a joint Federal income tax return for the calendar year 1974 with the office of the Internal Revenue Service in Fresno, Calif.
In 1974, both Mr. and Mrs. Gudmundsson were teachers; he was in the field of special education and taught trainable mentally retarded students, and she taught in the Santee School District. They converted one of the bedrooms of their three-bedroom house into a study and used this room to write lesson plans, contact parents, and perform other duties in connection with their work. Neither Mr. nor Mrs. Gudmundsson had an office at school, aside from the classroom. The study contained an antique desk and chair, bookcases, paintings, and wallhangings, but had no other furniture. Mr. Gudmundsson used the antique desk and chair when he worked in the study. He purchased them for $ 1,134, and they were between 80 *217 and 100 years old at that time. He assigned a 5-year life to the furniture and claimed a depreciation deduction in 1974 based thereon. The Commissioner disallowed such deduction. The study also housed a library which was comprised of books and magazines relating to the field of teaching, games for Mr. Gudmundsson's students, and other books and magazines. The contents of the library were acquired over an indeterminate period prior to 1974. The petitioners claimed that the value of the library was $ 1,500, and they assigned a 10-year useful life to it. They claimed a depreciation deduction for it in 1974, which was disallowed by the Commissioner. They also spent $ 125 for educational materials in 1974, which were not part of the library. A deduction for such materials was also disallowed. During 1974, Mr. Gudmundsson used his car for various work-related purposes. It was used to transport his students to activities in the community so that they could better adjust to normal community living. Such activities occurred during the school day and on weekends. He made between 40 and 50 such trips and claimed that such trips constituted one-quarter of the "business use" of the *218 car. He also used the car to attend PTA meetings which he was required to attend. These meetings occurred after the close of the school day and centered on discussions of school affairs. Mr. Gudmundsson traveled from his home to the school and back to attend the meetings and claimed that such use constituted two-thirds of his "business use" of the car. In that same year, Mr. and Mrs. Gudmundsson were enrolled in education courses; he attended a class on the orthopedically handicapped, and she attended a class to obtain her teaching credential. The Gudmundssons used the car to travel to these classes, and they claimed that such use constituted one-quarter of the "business use" of the car. They treated 792 miles as business travel and deducted it, at a rate of 12 cents per mile, as a business expense. The entire deduction was disallowed by the Commissioner. Finally, the Gudmundssons paid $ 400 in 1974 to Inga Gudmundsson, Mr. Gudmundsson's grandmother, for childcare services provided by her. This amount was deducted as an expense and was disallowed by the Commissioner. OPINION The first issue to be decided is whether the petitioners are entitled to a deduction with respect *219 to the antique desk and chair used in their home office. Initially, it appears that section 262 of the Internal Revenue Code of 1954[1] which denies a deduction for "personal, living, and family expenses," applies in this case. Section 1.262-1(b)(3), Income Tax Regs., provides: (3) Expenses of maintaining a household, including amounts paid for rent, water, utilities, domestic service, and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent. If, however, he uses part of the house as his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense. In Sharon v. Commissioner,66 T.C. 515 (1976), on appeal (9th Cir., Dec. 20, 1976), we held that the petitioner, *220 who was an attorney with the Internal Revenue Service and performed some work in his home, had failed to establish that any part of the home was his place of business. The facts of the case now before us may be distinguishable from Sharon on the grounds that these petitioners have shown a greater need to perform the work in their home and that the home office was used exclusively for such purposes. Yet, we need not actually decide such question because, for reasons set forth subsequently, we conclude that the petitioners are not entitled to any deduction for their home office. The petitioners sought to depreciate the antique furniture used in such office. Section 167(a) permits a taxpayer to deduct a reasonable allowance for the exhaustion and wear and tear of property used in a trade or business. The purpose of the deduction for depreciation is to allow the taxpayer to recover, over the useful life of the property, its cost or other basis. United States v. Ludey,274 U.S. 295, 300-301 (1927); Southeastern Building Corp. v. Commissioner,3 T.C. 381, 388 (1944), *221 affd. 148 F. 2d 879 (5th Cir. 1945), cert. denied 326 U.S. 740 (1945). The useful life of property is "the number of years the asset is expected to function profitably in use." Massey Motors, Inc. v. United States,364 U.S. 92, 96 (1960). Section 1.167(a)-1(b), Income Tax Regs., also provides that in determining useful life, "wear and tear and decay or decline from natural causes" shall be considered. If the property is not subject to "wear and tear, to decay or decline from natural causes, to exhaustion," the depreciation is not allowable. Sec. 1.167(a)-2, Income Tax Regs.
The useful life of property is a question of fact, to be determined on the basis of all of the facts and circumstances reasonably known or anticipated at the end of the year for which depreciation is taken. Casey v. Commissioner,38 T.C. 357, 381 (1962); Radio Station WBIR, Inc. v. Commissioner,31 T.C. 803, 817 (1959); *222 Bullock v. Commissioner,26 T.C. 276, 281 (1956), affd. per curiam 253 F. 2d 715 (2d Cir. 1958). The petitioners have the burden of proving that they are entitled to the depreciation claimed by them. Bell Electric Co. v. Commissioner,45 T.C. 158, 167 (1965). Furniture used in a trade or business may be depreciated. Shainberg v. Commissioner,33 T.C. 241, 252 (1959). However, the antique furniture involved in this case raises unusual questions. For the Gudmundssons, such furniture served a dual purpose: it was used in their business, and it also satisfied their aesthetic sense. When property serves both personal and business functions, a depreciation deduction is allowed only for the wear and tear attributable to the business use; an allocation is to be made based on the percentage of business and personal use. International Artists, Ltd. v. Commissioner,55 T.C. 94, 105 (1970); Sapp v. Commissioner,36 T.C. 852, 854-855 (1961), *223 affd. per curiam 309 F. 2d 143 (5th Cir. 1962); Heuer v. Commissioner,32 T.C. 947, 953 (1959), affd. per curiam 283 F. 2d 865 (5th Cir. 1960). In addition, the petitioners must prove the percentage of business use. Heuer v. Commissioner,supra.In this case, the petitioners have provided no information indicating the extent to which the furniture was used for business purposes. Thus, we can make no determination of the wear and tear on the furniture; the use of it may have been so slight as to have caused no wear and tear. Moreover, the value of the furniture may have actually increased because of the passage of time. On this record, we cannot say whether the antique furniture had a useful life of 5 years, 10 years, or perhaps even another 100 years. Thus, we must conclude that the petitioners have failed to carry their burden of proof. The next issue is whether the petitioners may take a depreciation deduction for their home library. A depreciation deduction is allowable for a library which is used in the trade or *224 business of the taxpayer. Beaudry v. Commissioner,150 F. 2d 20, 21-22 (2d Cir. 1945), affg. on this issue a Memorandum Opinion of this Court. Again, the petitioners bear the burden of proof on this issue. Bell Electric Co. v. Commissioner,supra.
Initially, there is reason to question that the library was used entirely for the Gudmundssons' teaching activities, and we have no evidence before us to indicate what portion of the library was held for business use and what portion for personal use.Mr. Gudmundsson testified that the library held books relating to his field of work; yet, he also claimed that he collected books. The collecting of books is not one of his functions as a teacher but is a personal expenditure which may not be deducted. Sec. 262. Furthermore, the library held magazines as well as books; since magazines have short useful lives, any magazines purchased for business use are to be deducted currently rather than depreciated. In addition, even if we could allocate a portion of the library to business use, we must still disallow the deduction, as we are unable to determine a basis for the property. *225 Depreciation is designed to allow the taxpayer to secure a return of his costs in the property. United States v. Ludey,274 U.S. at 300-301; Southeastern Building Corp. v. Commissioner,supra.Generally, depreciation is computed by using the cost of the property as its basis (secs. 167(g), 1011, 1012; sec. 1.167(g)-1, Income Tax Regs.); yet, the petitioners presented no evidence of the cost of the library but only offered an estimate of its value. For the purpose of depreciating an asset, an estimate of present value cannot substitute for proof of its actual cost, since depreciation seeks to restore cost rather than value. Moreover, no evidence was presented to indicate dates of acquisition of the volumes in the library; they were purchased in years prior to 1974, but we do not know their age in 1974. Thus, we do not know how much, if any, of their useful life remains. Accordingly, due to the Gudmundssons' failure to substantiate cost, age, and business use of the library, we sustain the Commissioner's determination on this issue. On the other hand, the petitioners' *226 expenditure of $ 125 for educational materials in 1974 does constitute an allowable business expense under section 162(a). Although Mr. Gudmundsson did not explain what was included in these materials, he referred to them as educational materials; thus, we infer that they were purchased either for the class he taught or the class he attended. If they were used as part of his work with his students, then they were bought for the practice of his profession and are within the purview of section 162(a). If they were used as part of the course on the handicapped in which he was enrolled, then they were expenses incurred for education which contributed to his skills as a teacher of the handicapped and are deductible business expenses. Sec. 1.162-5(a)(1), Income Tax Regs.
The expense incurred for such materials is currently deductible. Since they were referred to as "educational materials," rather than books, we infer that they were of a temporary character and had a short useful life. Thus, such amount is a professional expense, which under section 1.162-6, Income Tax Regs., [2] may be deducted in the year in which it is paid or accrued. *227 Although Mr. Gudmundsson presented no documentary support of this expenditure, we are satisfied by his testimony that the amount was reasonable and actually spent. The next issue is whether the petitioners may deduct $ 228, representing 792 miles, for the "business use" of their personal car in 1974. Three elements comprise this claimed "business use" of the car: transportation to PTA meetings, transportation of Mr. Gudmundsson's students to activities, and transportation to courses attended by the petitioners. According to Mr. Gudmundsson's testimony, two-thirds of the claimed mileage represented the distance traveled between his home and the school, his place of business, to attend PTA meetings held at the school."Deeply ingrained in the whole tax structure *228 * * * is the basic proposition that the cost of going to and from home and an established place of business is a nondeductible personal expenditure." Steinhort v. Commissioner,335 F. 2d 496, 503 (5th Cir. 1964), affg. on this issue a Memorandum Opinion of this Court; United States v. Tauferner,407 F. 2d 243 (10th Cir. 1969), cert. denied 396 U.S. 824 (1969); Anderson v. Commissioner,60 T.C. 834 (1973); Gilberg v. Commissioner,55 T.C. 611 (1971). The expenses incurred by Mr. Gudmundsson in traveling between his home and his school for purposes of teaching are clearly commuting expenses, which are made nondeductible by section 262. When an employee is required to return to his place of employment, his expenses of doing so continue to be nondeductible commuting expenses. O'Hare v. Commissioner,54 T.C. 874, 875 (1970). Thus, the fact that Mr. Gudmundsson was required to return to the school in the evening does not alter the character of the expenses of doing so, and none of the automobile expenses allocable to these trips may be deducted by the petitioners. The petitioners *229 claimed additional expenses attributable to Mr. Gudmundsson's transportation of his students to different activities in the community, trips which occurred both during the school day and on weekends. Whether such expenses qualify as ordinary and necessary business expenses depends on their satisfying several criteria. The petitioners must show that such expenses are not only "appropriate and helpful" to the development of the taxpayer's business ( Welch v. Helvering,290 U.S. 111, 113 (1933)), but must also prove that such expenses are not personal in nature so as to fall within the provisions of section 262. From the evidence presented, we are convinced that these trips were undertaken solely in the line of Mr. Gudmundsson's business as a teacher of the handicapped. His students, though mentally retarded, were educable and were being trained to function in society. To achieve this end, Mr. Gudmundsson decided to augment the experiences of his students--experiences which were often limited to the classroom--by arranging trips which would expose his students to different aspects of the community. These are not personal expenses, as no benefit inured to Mr. Gudmundsson; *230 rather, they were incurred only for his students' benefit. Although there is no proof that Mr. Gudmundsson was obligated by his employer to take the students on these trips, "We know of no requirement that there must be an underlying legal obligation to make an expenditure before it can qualify as an 'ordinary and necessary' business expense under" the predecessor of section 162. Waring Products Corp. v. Commissioner,27 T.C. 921, 929 (1957). The arrangement of such activities for his students is in accord with what a teacher of the handicapped might do and the expenses incurred therein are clearly business expenses. The petitioners also incurred transportation expenses when their car was used to attend certain courses. Payments by a taxpayer for education are generally deductible as ordinary and necessary business expenses if the education maintains or improves the skills required by him in his employment. Sec. 1.162-5(a)(1), Income Tax Regs. *231 During the taxable year 1974, Mr. Gudmundsson was enrolled in a course dealing with the orthopedically handicapped, and Mrs. Gudmundsson was also enrolled in a course relating to teaching. Mr. Gudmundsson's field is special education. Further training in dealing with the handicapped will contribute to his skills as a teacher of the handicapped. We find that the course attended by Mr. Gudmundsson was taken to maintain or improve his abilities in his professional field, and expenses incurred by him in obtaining this education are deductible as ordinary and necessary business expenses under section 162(a). Such expenses include the costs of transportation necessary to obtain the education. Carlucci v. Commissioner,37 T.C. 695, 702 (1962). Mr. Gudmundsson testified that Mrs. Gudmundsson was attending educational courses to obtain her teaching credentials, and we have no other evidence concerning the nature of the courses taken by her. Such testimony is insufficient to establish that her courses were to maintain her skills as a teacher, and therefore, any of the transportation costs allocable to her attending educational courses are not deductible. Mr. Gudmundsson *232 presented no records or other precise information indicating the mileage traveled in each of his claimed business purposes. He merely estimated that one-quarter of the mileage was allocable to transporting the students to community activities, one-quarter to travel to classes, and two-thirds to the attendance of PTA meetings. Since we have concluded that some of the transportation expenses are deductible, we must exercise our best judgment in deciding how much of the travel is allocable to business purposes, resolving the doubts against the petitioners since they have failed to present any evidence for making a more precise allocation. Cohan v. Commissioner,39 F. 2d 540, 543 (2d Cir. 1930). Using our best judgment, we conclude that one-third of the 792 miles represented business travel. Although the petitioner calculated the deduction using a 12-cent-per-mile rate, the Internal Revenue Service permitted taxpayers in 1974 to deduct business mileage at a rate of 15 cents per mile. Rev. Proc. 74-23, 1974-2 C.B. 476. The 15-cent rate should be used in calculating the allowable deduction in this case. The final issue before us is the deduction of childcare *233 expenses paid to Mr. Gudmundsson's grandmother. Under section 214(a), a taxpayer who maintains a household containing qualifying individuals may deduct certain employment-related expenses paid by him during that year.[3] In general, the qualifying individuals are taxpayer's dependents under the age of 15 or dependents and spouses who are incapable of caring for themselves; the employment-related expenses are those for household services and care for qualifying individuals, where the expenses incurred enable the taxpayer to be gainfully employed. Sec. 214 (b)(1), (2)(B). The Commissioner disallowed the deduction because the payments were made to Mr. Gudmundssons' grandmother. Section 214(e) denies deductions for payments made to individuals who bear a relationship to the taxpayer as described in section *234 152(a)(1) through (8), and among the relationships listed in such section are "father or mother of the taxpayer, or an ancestor of either." Sec. 152(a)(4). Thus, the payment of child-care expenses to the grandmother, who is an ancestor of the taxpayer's father or mother, is a nondeductible expense under section 214(e). Sec. 1.214A-5(a), Income Tax Regs. Clearly, any child-care payments made to the petitioner's grandmother fall within this nondeductible category. To reflect our opinion, Decision will be entered unde- Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year at issue.↩
2. Sec. 1.162-6, Income Tax Regs., provides in part: Amounts currently paid or accrued for books, furniture, and professional instruments and equipment, the useful life of which is short, may be deducted.↩
3. For taxable years beginning after 1975, this section has been repealed by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1563, which provides a tax credit for child-care expenses.↩