CHESTER AND DORIS FARRARA, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4769–63. Filed May 14, 1965.

*William G. O'Neill* and *Robert C. Duffy, Jr.*, for the petitioners.
*S. T. Reiner*, for the respondent.

190

OPINION

RAUM, *Judge:* Petitioner received weekly amounts from customers of the California Sport Shop as "suit club" payments. In return for these payments the customers became members of the suit club and

would receive a certificate for merchandise either upon a weekly drawing or at the end of the club period; such certificate could be exchanged for merchandise at petitioner's store. Cash refunds were not obtainable and petitioner meanwhile had unrestricted use of the funds thus paid in. Petitioner reported these receipts as income only when the certificates were exchanged for merchandise.

Petitioner argues that since he had consistently used the same method of accounting for suit club receipts, which method was not disturbed upon audit for the pre-1959 years by the Commissioner's agents, the Government is in some way estopped now from refusing to accept petitioner's method. However, it is well established that there is no such estoppel against the Commissioner. *Caldwell* v. *Commissioner*, 202 F. 2d 112, 115 (C.A. 2); *Ezo Products Co.*, 37 T.C. 385, 391.

In accordance with *American Automobile Association* v. *United States*, 367 U.S. 687, and *Schlude* v. *Commissioner*, 372 U.S. 128, we hold that the payments in question must be included in income when received by petitioner without restriction as to use, and that there is no statutory justification for treating them as "deferred" income to be reported at a later time. Cf. *E. Morris Cox*, 43 T.C. 448.

Petitioner recognizes the force of the *American Automobile Association* and *Schlude* decisions, but argues that they are distinguishable since they involved receipts for future services whereas the present case is concerned with receipts in respect of future sales of merchandise. We think there is no merit to the alleged distinction. The theory underlying *American Automobile Association* and *Schlude* cases is fully applicable here.

In section 452 of the Internal Revenue Code of 1954, Congress provided for the deferral of prepaid income where amounts were received in connection with an obligation to render services, furnish goods or other property or allow the use of property, which extended beyond the close of the taxable year in which such amounts were received. Under that section, the deferral system used by petitioner would have been acceptable for the computation of Federal income tax liability. However, in 1955 section 452 was retroactively repealed, and the law as it existed under the 1939 Code came back into effect. Pub. L. 74, 84th Cong., 1st. Sess., sec. 1(a), 69 Stat. 134. In discussing the inclusion of section 452 in the 1954 Code the Senate report (S. Rept. No. 1622, 83d Cong., 2d Sess., p. 301) stated that—

Under the 1939 Code, regardless of the method of accounting, * * * amounts are includible in gross income by the recipient not later than the time of receipt if they are subject to free and unrestricted use by the taxpayer even though the payments are for *goods or services* to be provided by the taxpayer at a future time.[1] [Italics supplied.]

---

[1] This very language was explicitly noted by the Supreme Court in *American Automobile Association*, 367 U.S. at 694–695 fn. 8.

Section 452 of the 1954 Code was by its terms intended to apply to situations involving goods and services alike. We find no reason for treating these situations differently under the law as it existed prior to the 1954 Code and as it exists today. Indeed, Congress felt that it was necessary in 1958 to pass specific legislation in order to allow publishers to defer recognition of income from subscriptions, which amounts are advance payments for goods, i.e., newspapers, magazines, or other periodicals. Pub. L. 85–866, 85th Cong., 2d Sess., sec. 28, 72 Stat. 1625, adding sec. 455 to the Internal Revenue Code of 1954.

In support of his position petitioner relies upon *Veenstra & DeHaan Coal Co.*, 11 T.C. 964, and *Consolidated-Hammer Dry Plate & Film Co.* v. *Commissioner*, 317 F. 2d 829 (C.A. 7). Both cases are clearly distinguishable on the facts there presented, and while both were concerned with sales of goods, it is plain that the amounts involved were regarded as *deposits*, unlike the unrefundable amounts paid in the present case for merchandise to be selected and delivered at a later time.

In *Fifth & York Co.* v. *United States*, 234 F. Supp. 421 (W.D. Ky.), the doctrine of the *American Automobile Association* and *Schlude* cases has been specifically applied to a situation involving sales of goods. In so doing the court stated as follows (at 424):

While Schlude, supra, pertained to unperformed services, the Court expressed its reluctance to extend deferral reporting of prepaid income because (1) it had construed in American Automobile Ass'n. v. Commissioner, 367 U.S. 687, * * * the retroactive repeal of Section 452 (which had specifically permitted deferred reporting on payments for *goods or services*) of the 1954 Code as "reinstating long-standing administrative and lower court rulings that accounting systems of deferring prepaid income could be rejected by the Commissioner"; (2) Congress has taken a step-by-step approach "in granting the deferral privilege to only limited groups of taxpayers while exploring more deeply the ramifications of the entire problem"; and (3) it defers, where possible, under the long-established policy of the Court, to Congressional procedures in the tax field. These inter-related reasons, together with the fact that in 1958 Congress added Section 455 to the 1954 Code, thereby permitting publishers to defer receipt of income of prepaid subscriptions while refusing to permit income deferral by non-profit service organizations, show that both Congress and the Supreme Court are acting deliberately and cautiously on the problems of prepaid income deferral for goods as well as for services. Inasmuch as Congress has not expressly provided for deferral of income from the sale of goods or personal property and in view of the expressions of the Supreme Court in Schlude, supra, it is concluded that the Commissioner properly exercised his discretion * * *

The disallowance of petitioner's system of deferral was likewise a proper exercise of discretion by the Commissioner.

*Decision will be entered for the respondent.*