BELL ELECTRIC CO., A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

ELMER P. CHADDOCK AND VERA JANE CHADDOCK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5318–63, 5320–63. Filed November 19, 1965.

*Ted. A. Bollinger, Jr.*, for the petitioners.
*Marshall H. Barkin*, for the respondent.

OPINION

Raum, *Judge:* 1. *Warranty Reserve.*—Electric and Air Conditioning, two corporations using an accrual method of accounting, are sellers of appliances and air-conditioning equipment. As part of their operations, they provide warranty service on the products that they sell. When an item is sold, a portion of the sales price is credited to a warranty reserve account rather than to income. As warranty service is performed the cost of such service is charged against the warranty reserve. The Commissioner refused to accept this method of

reporting income in respect of such sales. In substance, his position is that the full amount of the sales price which has in fact been received or properly accrued must be reflected in income in the year of receipt or accrual, undiminished by the amount credited to the warranty reserve account in respect of the sale, and that deductions may be taken when expenditures are in fact made or incurred in carrying out the obligations under the warranty. We hold that the Commissioner must be sustained.

In *American Automobile Association* v. *United States*, 367 U.S. 687, and *Schlude* v. *Commissioner*, 372 U.S. 128, the Supreme Court ruled that in the absence of a specific statutory exception it is not open to a taxpayer under the Internal Revenue Code of 1954 to defer income to a later period, when anticipated expenses may offset such income. *E. Morris Cox*, 43 T.C. 448, 455–456; *Chester Farrara*, 44 T.C. 189. No such specific statutory provision is relied upon here, and we hold similarly that no portion of the amounts actually received or properly accrued herein may be excluded from currently reportable income.

We think that *American Automobile Association* and *Schlude* are controlling in the present case. We reject as unsound petitioner's attempt to distinguish those cases on the ground that the warranties herein are third-party obligations on the part of Electric and Air Conditioning. This is a completely irrelevant circumstance, for the basic question is simply whether a taxpayer may exclude from current income amounts actually received or accrued merely because future expenditures may offset such amounts in part or in whole. The statute does not permit the deferral of such income to be offset in a later year by expenses incurred in that later year; nor does it permit the same result to be reached by excluding a portion of the receipts from current income through the medium of crediting such excluded amounts to a reserve for future expenditures which are thus in effect deducted prior to the time they are actually made or incurred. Cf. *Brown* v. *Helvering*, 291 U.S. 193, 201–202. And this is so regardless of whether its obligation is direct or otherwise.

Petitioners rely in part upon *Bressner Radio, Inc.* v. *Commissioner*, 267 F. 2d 520 (C.A. 2), and *Schuessler* v. *Commissioner*, 230 F. 2d 722 (C.A. 5). Apart from possible distinctions between those decisions and the present case, they must be considered in the light of the subsequent authoritative decisions of the Supreme Court in *Schlude* and *American Automobile Association*, which, when fairly read, support the Commissioner's position herein.

2. *Useful Lives of Certain Depreciable Assets.*—There is in dispute between petitioners and the Government the useful lives over which depreciation may properly be claimed for a used automobile, a gas machine, and so-called small tools, all acquired and owned by Electric.

Upon the record before us we have found a useful life of 3 years with a $350 salvage value for the used automobile and a useful life of 5 years with a $92 salvage value for the gas machine.

During the fiscal years herein involved Electric purchased small tools at various times. In its returns for those years Electric treated them as capital assets, depreciable over a 2-year useful life, and the Commissioner accepted this treatment. Electric now claims that these items were all used up in less than a year. While we are satisfied that some of the tools had useful lives of less than 1 year, we are equally convinced that others had useful lives of at least 2 years and possibly more. The taxpayer has not shown that, in the aggregate, the tools had a composite average life of less than 2 years, and has therefore not shown any error in computing the deduction upon the basis of a 2-year life for all of the tools.

3. *Depreciation of Certain Assets Used in Leased Premises.*—During the year 1959 Electric purchased various assets for use in two of its stores. Petitioners contend that the cost of each item should be amortized over the comparatively short life of the current lease of the store in which it is used. However, there has been no showing by petitioners, upon whom the burden of proof rests, that these assets could not have been removed at the expiration of the leases involved and used at other locations. The determination by the Commissioner that these assets otherwise had useful lives of 10 years is presumptively correct and has not been rebutted. It is therefore unnecessary to consider whether there was in any event a reasonable expectation that these assets would continue to be used by Electric in the leased premises over their useful lives notwithstanding that the existing leases were due to expire prior thereto.

4. *Trips to Rome and Israel.*—In 1959 the Fedders Corp. awarded a $600 European trip (to Rome, Italy) to the Chaddocks, and in 1960 it awarded them a $700 trip to Israel. Both awards were made because of successful sales efforts in respect of Fedders' products. Petitioners did not include these amounts as income in their returns.

These were predominantly pleasure trips, awarded for services rendered, and the amounts involved were correctly included in petitioners' gross income by the Commissioner. Cf. *Patterson* v. *Thomas*, 289 F. 2d 108 (C.A. 5), certiorari denied 368 U.S. 837, rehearing denied 370 U.S. 966; *Rudolph* v. *United States*, 291 F. 2d 841 (C.A. 5), certiorari dismissed 370 U.S. 269.

On brief, petitioners appear to make the argument that the trips were for business purposes, and that the amount of each award should be excludable from income or deductible as a business expense. The record is vague as to any business aspects of these trips. There was testimony that there were "certain meetings," but the nature and extent

168

of such meetings and their proximate relationship to petitioners' business were not clearly defined. Bearing in mind petitioners' burden of proof and the elusive character of their evidence in the context of the record as a whole, we have reached the conclusion and found as fact that the trips were predominantly pleasure excursions. The burden of proof was upon petitioners, and they certainly have not established that even a substantial portion of the trips was devoted to business. Nevertheless, we think that there were some business discussions en route, and we find as a fact and hold that $25 of the amount of each award was expended for business purposes. Cf. *Patterson* v. *Thomas, supra,* 289 F. 2d at 114; *Cohan* v. *Commissioner,* 39 F. 2d 540, 544 (C.A. 2).

*Decisions will be entered under Rule 50.*