*Decision will be entered under Rule 50.*

S. GARBER, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 865–66.   Filed February 6, 1969.

*Maurice P. Raizes*, for the petitioner.
*William J. Gerard*, for the respondent.

MULRONEY, *Judge:* Respondent determined a deficiency in the petitioner's income tax for the taxable year ended January 31, 1963, in the amount of $7,659.91.

The issues for decision are (1) whether advance payments received by petitioner from its customers on fur garments to be custom-made are includable in petitioner's income in the year of receipt and, if so, (2) whether deduction should be allowable to petitioner at that time for the estimated cost of goods sold in relation to such garments, and (3) whether deduction should be allowable to petitioner at that time for the amount of Illinois sales tax applicable to these advance payments.

FINDINGS OF FACT

Some of the facts have been stipulated and they are found accordingly.

Petitioner was incorporated in February 1956. Its address at the time the petition was filed herein was in Chicago, Ill. Its corporate income tax return for the taxable year ended January 31, 1963, was filed with the district director of internal revenue at Chicago, Ill. It keeps its books and reports its income on the accrual basis.

Petitioner is engaged in the business of selling fur pelts at wholesale and tailoring and selling custom-made fur coats at retail. In respect to the retail business, tailoring of custom-made fur coats, petitioner requires advance payments to be made by the customers for whom the fur garments are to be made. The customers then select the furs to be used and the particular styles that they want. Petitioner carries these advance payments on its books as liabilities and defers reporting these receipts as income until the tailored garments are ready for delivery. The amounts of prepayments which it carried as liabilities for the years of its existence up to and including the year in issue are as follows:

| As of Jan. 31— | Amounts | As of Jan. 31— | Amounts |
|---|---|---|---|
| 1957 | $11, 735. 00 | 1961 | 37, 420. 00 |
| 1958 | 36, 201. 25 | 1962 | 22, 863. 75 |
| 1959 | 27, 323. 54 | 1963 | 25, 533. 00 |
| 1960 | 50, 446. 75 | | |

The amounts received as advance payments during the taxable year ended January 31, 1963, were deposited in petitioner's regular bank account and intermingled with other funds. There was no restriction placed upon the use or disposition of these advance payments.

Petitioner carries an insurance policy that covers all merchandise in process. If the fur garment is damaged or anything happens to it while in petitioner's possession before delivery petitioner assumes responsibility.

Petitioner did not include the $25,533 received as advance payments during the taxable year ended January 31, 1963, in its income for that taxable year. Respondent determined that that $25,533 should be included in the income of petitioner in the taxable year received.

OPINION

Petitioner, an accrual basis taxpayer, accepted advance payments from its customers on fur garments to be made and delivered in the future. It treated the amounts received on its books as liabilities until the garments were delivered to the customers. These amounts were received without restriction as to use or disposition and were deposited in petitioner's regular bank account and intermingled with other funds. Petitioner argues that at the time of receipt no sale had taken place or had been consummated and, thus, it should not be required to accrue these receipts as income at the time received. Respondent simply argues that these payments constitute income to petitioner at the time received and relies on a line of cases starting with *American Automobile Association* v. *United States*, 367 U.S. 687 (1961), and ending with *Hagen Advertising Displays, Inc.*, 47 T.C. 139 (1966) C.A. 6, on appeal.

This Court stated clearly in *Automobile Club of New York, Inc.*, 32 T.C. 906 (1959), affd. 304 F. 2d 781 (C.A. 2, 1962), that under accrual accounting where there is actual receipt, as in this case, and the funds are at the unrestricted disposal of the taxpayer, as in this case, all the events have occurred that call for accrual and that no further inquiry is necessary to determine whether the income has been earned. Petitioner on brief points out that no sales had in fact occurred. In other words, it simply received money without restriction as to use or disposition for goods to be made and delivered in the future. It seems to us that when someone receives money in this fashion it must be treated as either a gift or income in the year of receipt. No one contends it is a gift. This method of receiving advance payments from customers is one which petitioner chose. It is its way of doing business. Under this method we can only conclude that the advance payments constitute income when received and petitioner is required to include these amounts which it received as advance payments without restriction as to use or disposition, in its return as income in the taxable year in which it received them. Cf. *North American Oil Consolidated* v. *Burnet*, 286 U.S. 417 (1932), and *Wallace A. Moritz*, 21 T.C. 622 (1954).

Petitioner also contends that its accounting method of deferring the reporting of these receipts as income clearly reflects income and therefore respondent's determination is in error because section 446, I.R.C. 1954,[1] only permits respondent to change a taxpayer's accounting method when such method does not clearly reflect income. Section

---

[1] SEC. 446. GENERAL RULE FOR METHODS OF ACCOUNTING.

(a) GENERAL RULE.—Taxable income shall be computed under the method of acounting on the basis of which the taxpayer regularly computes his income in keeping his books.

(b) EXCEPTIONS.—If no method of accounting has been regularly used by the taxpayer or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income.

1.446–1(a)(2), Income Tax Regs., provides that "no method of accounting is acceptable unless, in the opinion of the Commissioner, it clearly reflects income." It has been held in several cases that section 446 vests the Commissioner with broad latitude in approving a taxpayer's accounting method, and the Court should not readily disapprove of the Commissioner's exercise of discretion unless it is shown that it has been abused. *Schulde* v. *Commissioner*, 372 U.S. 128 (1963); *Automobile Club of Michigan* v. *Commissioner*, 353 U.S. 180 (1957); *Automobile Club of New York, Inc., supra;* and *Hagen Advertising Displays, Inc., supra.* We have held the advance payments constitute income in the year of receipt. The cases cited above all sustain the Commissioner's rejection of accounting systems that result in deferral of such prepaid income to later years. Petitioner has failed to show us how the Commissioner abused his discretion and we cannot, in view of the cases cited above, simply conclude that this discretion on the part of the Commissioner was abused.

Petitioner attempts to distinguish this case from such cases as *Chester Farrara*, 44 T.C. 189 (1965), and *Hagen Advertising Displays, Inc., supra,* on the basis that in this case the amounts received are refundable and, thus, its right to receive these amounts has not become fixed. This Court answered this argument in *Wallace A. Moritz, supra,* when it stated that the possibility of refunds was nothing more than a contingent liability which had no bearing on the taxpayer's right to the deposit when received. Cf. *North American Oil Consolidated* v. *Burnet, supra.* In the instant case there was no direct evidence that any advance payment had ever been refunded. Petitioner's witness, the president of the corporation during all of the 12 years of its existence, said there had been a few refunds but he could not recall any one particular instance when the amount received as an advance payment was in fact refunded. We cannot find that the *Farrara* and *Hagen Advertising Displays, Inc.* cases are sufficiently distinguishable on their facts from this case as to call for a different conclusion here. The cases mainly relied upon by petitioner, such as *Veenstra & DeHaan Coal Co.*, 11 T.C. 964 (1948), have been distinguished by the *Moritz, Farrara,* and *Hagen* cases and we need not dwell upon them here.

We hold that the advance payments received by petitioner from its customers for fur garments to be made and delivered in the future are income at the time they are received.

Petitioner argues in the alternative that if the advance payments for the fur garments are accruable as income on the date of receipt, then, it is entitled to a deduction at that time for (1) the estimated cost of goods sold in relation to such garments and (2) the amount of Illinois sales tax applicable to these advance payments. We cannot agree.

In view of the findings in this case, it is clear that whatever the cost of making and supplying the materials for the fur garments, petitioner at the end of the taxable year still owned the benefits thereof in that the fur garments remained in its inventory at that time.[2] There was no cost of goods sold with respect to these particular garments which, under the applicable statute and regulations, could be used to offset these specific receipts. As the Court said in *Hagen Advertising Displays, Inc., supra,* there is nothing in the regulation defining gross income (sec. 1.61–(3) (a), Income Tax Regs.) that suggests that an attempt must be made to match a particular purchase with a particular sale or a particular item in inventory. Cf. *Marquardt Corporation,* 39 T.C. 443 (1962), and *Quality Chevrolet Co.,* 50 T.C. 458, 462–463 (1968).

In respect to a deduction for the Illinois sales tax, all of the events which determine a sales tax liability had not in fact occurred by the end of the taxable year in issue. Petitioner was not liable for the tax at that time. No deduction for this tax would be proper before liability attached. *United States* v. *Anderson,* 269 U.S. 422 (1926), and *Artnell Co.,* 48 T.C. 411 (1967), reversed on other grounds 400 F. 2d 981 (C.A. 7, 1968).

*Decision will be entered under Rule 50.*

---

[2] See concurring opinion of Judge Withey in *Hagen Advertising Displays, Inc.,* 47 T.C. at 150, 151.