**UNITED STATES of America, Appellee,**

v.

**William L. HAMLING et al., Appellants.**

**William L. HAMLING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 75–1057, 75–1058, 75–1037 to 75–1039, 75–1016, 75–1010 and 75–1060.

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1975.

Certiorari Denied Feb. 23, 1976. See 96 S.Ct. 1108.

Stanley Fleishman (argued), Los Angeles, Cal., for appellants.

Donald B. Nicholson (argued), Atty. Crim. Div., U. S. Dept of Justice, Washington, D. C., for appellee.

OPINION

Before BARNES and KENNEDY, Circuit Judges, and CARR,* District Judge.

PER CURIAM:

Appellants were convicted in December 1971 for mailing and conspiring to mail obscene matter in violation of 18 U.S.C. §§ 2, 371, & 1461. This court affirmed the convictions in June 1973, and the opinion fully sets forth the evidence. 481 F.2d 307. The Supreme Court granted certiorari, 414 U.S. 1143, 94 S.Ct. 893, 39 L.Ed.2d 97, and affirmed the convictions in June 1974, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590.

* Honorable Charles H. Carr, United States District Judge, District of Central California, sitting by designation.

Appellants subsequently made three motions in the district court. They sought: (1) a new trial, on the basis of newly discovered evidence; (2) dismissal of the indictment; and (3) modification or suspension of their sentences. The district judge who presided at the original trial denied each of these motions. We affirm his rulings.

■ The alleged newly discovered evidence consists of affidavits and supporting surveys showing that community standards for printed material in the San Diego area were more tolerant than the national standards considered at trial. One of the surveys, supporting the affidavit of Professor Jack Haberstroh of San Diego State University, was conducted prior to trial by one of his students, a Ms. Carlsen. Defendants unsuccessfully sought to introduce evidence of this particular survey at the original trial. Other surveys, including one conducted by the Institute for Survey Research at Temple University, were cited in the affidavits as further support for the experts' opinions. The district court's characterization of this evidence as either cumulative or not newly discovered, or both, is supported by the record.

Appellants argue that even if the statistical data contained in these surveys were available at the time of trial, the significance of such data was not apparent until later when the Supreme Court decided *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The *Miller* case makes reference to local standards, and appellants contend that this new emphasis gives the surveys a meaning they did not have at trial. An affidavit by the defense counsel states that his trial strategy would have been completely different if he had foreseen the *Miller* decision.

■ Evidence will not be deemed "newly discovered" simply because it appears in a different light under a new theory.

[A] party who desires to present his case under a different theory in which facts available at the original trial now first become important, will not be granted a new trial.

6A J. Moore, Moore's Federal Practice 59–117 (1973) (footnote omitted). And in the case before us, the arguments made by appellants have already been considered and rejected by the Supreme Court. 418 U.S. at 103–10, 94 S.Ct. at 2887. The Supreme Court affirmed the convictions in these cases based on its review of the entire record. The Carlsen survey was specifically discussed. *Id.* at 108, 94 S.Ct. at 2887. We join the trial judge in his statement that "it is not up to this court nor any court to overrule any statement of the Supreme Court with respect to a matter that it has before them and with respect to which they have made a specific finding . . . ."

The trial court was further correct in denying the two additional motions made by defendants. The motion to dismiss the indictment was based on the same local standards argument made in support of the motion for new trial. As to the trial court's denial of appellants' motions for suspension and modification of sentence, we find no error. The sentences were within the statutory maximum, and there is no legal cause in this case for appellate review of the trial court's judgment.

Because all of the appellants' contentions have been fully resolved by previous orders, the Clerk is directed to issue this court's mandate forthwith. No petition for rehearing will be entertained.

Affirmed.