**UNITED STATES of America, Appellee,**

v.

**Daniel Harold WIESE, Appellant.**

No. 83–2714.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1984.

Decided Dec. 17, 1984.

Rehearing and Rehearing En Banc Denied March 13, 1985.

Malcolm D. Katz, Seattle, Wash., for appellant.

Daniel W. Schermer, Minneapolis, Minn., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and DUMBAULD,* Senior District Judge.

FAGG, Circuit Judge.

Daniel Wiese was convicted on two counts of criminal tax evasion under 26 U.S.C. § 7201. On appeal, Wiese raises a number of issues. We have examined each of these issues and conclude that no reversible error has been committed and affirm Wiese's conviction.

Wiese operated a retail sales business that specialized in selling cookware. One

* THE HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

type of sales agreement available to Wiese's customers allowed the customer to make a small initial deposit followed by regular installment payments. These payments often continued for several years. After the contract price had been fully paid, Wiese would order and deliver the desired merchandise.

At trial, the evidence presented by the government established that Wiese was a cash basis taxpayer who used a cash basis method of accounting in conducting his business. The evidence further established that when Wiese entered into an installment contract, the purchaser was obligated to make periodic payments according to the terms established by the contract. Wiese actively pursued these payments, often through the use of collection agencies and collection letters and refused to make any refunds unless faced with legal action. Finally, the evidence established that Wiese received these payments without any restriction and exercised complete command and control over the payments. In effect, Wiese treated the money received as his own and enjoyed the economic benefits that this money made possible.

■ As a general rule, a cash basis taxpayer must report items of income in the taxable year in which the income was actually or constructively received. Treas.Reg. § 1.446–1(c)(1)(i). Wiese contends that under the circumstances of this case he "received" income for tax purposes only in the year the final installment payment was made rather than in the year each individual payment was made. We disagree.

■ When a cash basis taxpayer pursues installment payments under a claim of right and upon receipt recognizes no restriction or limitation on the use or enjoyment of the payments, the taxpayer has received income that must be reported. Further, the possibility that at some time in the future part or all of this money might be refunded is immaterial to the issue of when income has been received. *See North American Oil v. Burnet,* 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197 (1932); *see also Garber v. Commissioner*

*of Internal Revenue,* 51 T.C. 733 (1969). This well established principle enables the cash basis taxpayer to determine with certainty and finality when income has been received for tax purposes. *See United States v. Lewis,* 340 U.S. 590, 592, 71 S.Ct. 522, 523, 95 L.Ed. 560 (1951); *Bohan v. United States,* 456 F.2d 851, 853 (8th Cir. 1972). As a result, Wiese received income that he was required to report as each payment was made and could not properly "allocat[e] income * * * to a year other than the year of actual receipt." *Security Flour Mills Co. v. Commissioner of Internal Revenue,* 321 U.S. 281, 286–87, 64 S.Ct. 596, 599, 88 L.Ed. 725 (1944). Since Wiese failed to report these payments as income when received, his taxable income was substantially underreported.

In reaching this conclusion, we reject Wiese's characterization of these installment payments as deposits rather than income. The payments made by Wiese's customers were not intended as loans and the contractual obligations of the parties were neither contingent nor uncertain. Instead, these payments were received unconditionally and thus constituted sale proceeds includible in Wiese's gross income, despite the fact that they might eventually be refunded. *See Brown v. Helvering,* 291 U.S. 193, 198–99, 54 S.Ct. 356, 358–59, 78 L.Ed. 725 (1934).

■ Wiese next raises two issues concerning the government's use of the bank deposit method as the means of reconstructing his income. First, Wiese contends that the trial court committed plain error when it admitted the government's bank deposit exhibits into evidence. We disagree. At trial, the evidence underlying the government's use of the bank deposit method was presented without objection. In fact, Wiese made no real attempt to undermine the figures arrived at by the government. Even on appeal, Wiese does not argue that the government's figures fail to identify items of potentially taxable income, but rather disagrees with when these items must be reported. The evidence establishes overwhelmingly that

Wiese was a cash basis taxpayer and that the installment payments received by him were required to be reported in the year in which they were received. This evidence fully supports the government's use of the bank deposit method, and thus, the trial court committed no error when it admitted this evidence at trial.

■ Second, Wiese claims that the trial court committed plain error when it failed sua sponte to instruct the jury on the assumptions and inferences underlying the government's use of the bank deposit method. The bank deposit method is intended to demonstrate the existence of unreported income through an analysis of the taxpayer's bank deposits and is used when, as here, the taxpayer's financial records are incomplete or do not accurately reflect income. This method of accounting relies heavily on circumstantial evidence, and because of this the government must be particularly thorough in its development and presentation of the evidence used to demonstrate the presence of unreported income. *United States v. Hall,* 650 F.2d 994, 999 (9th Cir.1981).

■ When the government uses the bank deposit method, a trial court should instruct the jury on the nuances of that method of accounting. *See id.* at 998, 999. However, we do not believe that the trial court's failure to do so in this case constituted plain error. The government's evidence under the bank deposit method was presented in great detail and without objection. Further, the government was meticulous in explaining and developing this method of reconstructing income and gave Wiese every possible benefit of the doubt in making this reconstruction. Although these explanations could not entirely replace the neutrality of a jury instruction, they did provide the jury with a sufficient basis on which to assess the evidence. Given these circumstances, we conclude that the trial court's failure to give the instruction did not adversely affect Wiese's substantial rights or result in a miscarriage of justice. *See United States v. Johnson,* 722 F.2d 407, 409 (8th Cir.1983); *Franano v.*

*United States,* 310 F.2d 533, 539 (8th Cir. 1962), *cert. denied,* 373 U.S. 940, 83 S.Ct. 1545, 10 L.Ed.2d 694 (1963).

■ Wiese also contends that the trial court abused its discretion when it refused to grant his motion for a new trial based on newly discovered evidence. We find no abuse of discretion in this case. The trial court observed that the evidence relied upon by Wiese as newly discovered existed and was known to Wiese's trial counsel at the time of trial. We agree with the trial court's conclusion that Wiese is attempting to relitigate the case on a new theory and "[e]vidence will not be deemed 'newly discovered' simply because it appears in a different light under a new theory." *United States v. Hamling,* 525 F.2d 758, 759 (9th Cir.1975).

■ Finally, Wiese argues that his trial counsel was constitutionally ineffective and points to a number of supposed failures on the part of trial counsel properly to prepare and present his defense. To succeed with his claim, Wiese must show that the attorney's "representation fell below an objective standard of reasonableness," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2065, 2068, 80 L.Ed.2d 674 (1984). In determining whether this standard has been met, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* 104 S.Ct. at 2066.

■ Wiese complains primarily about counsel's trial tactics with regard to the government's reconstruction of Wiese's income and with regard to the issue of Wiese's intent willfully to avoid taxation. The evidence that tax was due and owing was substantial and it was well within "the wide range of professionally competent assistance," *id.,* for counsel to concentrate on the issue of intent. And, with regard to the issue of intent, the record is clear that counsel presented this aspect of Wiese's defense in an effective manner.

At bottom, Wiese is second guessing counsel's assistance after conviction. His post-trial analysis of his counsel's performance, however, fails to recognize that "[t]here are countless ways to provide effective assistance in any given case." *Id.* By itself, Wiese's argument that another criminal defense attorney would have defended him in a different manner falls short of establishing that his trial counsel was ineffective. Further, even if we could conclude that counsel had performed ineffectively, we believe that Wiese has failed to demonstrate prejudice. The evidence of unreported income was overwhelming and the evidence of Wiese's intent willfully to avoid the payment of this tax was sufficient to support Wiese's conviction beyond a reasonable doubt. Any claim of prejudice is without merit.

Wiese raises several other issues, including the sufficiency of the government's investigation into his finances and the overall sufficiency of the government's evidence. We have examined these issues and find them without merit. Since we find no error requiring the reversal of Wiese's conviction, we affirm.