850 F.2d 693
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Robert HAYNES, Appellant.
 Nos. 87-3912, 87-3913.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and ODELL HORTON,* District Judge.
 PER CURIAM:
 
 
 1
 Appellant Haynes was convicted by a jury of three counts of willfully filing false tax returns in violation of 26 U.S.C. Sec. 7206(1), and of fourteen counts of willfully assisting and advising others in the preparation of false tax returns in violation of 26 U.S.C. Sec. 7206(2). On appeal we find that none of the numerous issues raised by Haynes has merit, and we affirm.
 
 
 2
 Haynes is an accountant engaged in private practice since 1975. Haynes operates his business from his residence, which is owned by an entity he controls and which he calls Faith Temple. Haynes purchased the residence in 1964 and then sold it to a corporation he organized, Faith Temple, Inc., seven months later for a "profit" of approximately $164,000.00. During the years 1975-1981, Haynes' tax returns reflected business expense deductions for "rental expenses" in connection with renting his office space from Faith Temple and using an apparently inflated value for lease purposes. Government exhibits at trial showed that Haynes himself was the authorized signer on Faith Temple, Inc.'s bank account and that he used the "rental expenses" deposited in the Faith Temple account to make mortgage payments and construct improvements on his residence.[1] In every year but one from 1975 to 1981, Haynes' tax returns showed losses from his accounting business, despite his preparation of a large number of tax returns.
 
 
 3
 The Internal Revenue Service conducted an investigation into Haynes' preparation of his own tax returns and the returns of his clients. In pursuing the investigation, an IRS special agent obtained from Haynes his expense receipts, cash receipts, and sales and cash distribution journals. The agent also obtained from the IRS copies of federal income tax returns filed by Haynes' clients in order to compute the total of tax preparation fees collected by Haynes, as reflected on the returns. He also solicited additional information from Haynes' clients, and based on all this information, along with bank account records, the agent attempted to reconstruct Haynes' gross receipts in 1979, 1980, and 1981. He also analyzed the records to assess the propriety of business expense deductions claimed by Haynes during those years. Another IRS agent analyzed deposits made to Haynes' bank account in each of the years 1979 through 1981 as a cross check. As a result of these analyses, the IRS concluded that Haynes' had understated gross income and overstated business expenses substantially on his own returns in 1979, 1980, and 1981. Based on the evidence accumulated and the analysis by the IRS, a grand jury indicted Haynes for willfully making materially false statements on his 1979, 1980, and 1981 tax returns. (Counts 1-3).
 
 
 4
 Haynes was also indicted on fourteen other counts of willfully aiding in the preparation of materially false and fraudulent tax returns. Eleven of these counts related to returns that Haynes prepared for four separate businesses; the counts charged that the returns showed improper business losses or nonexistent loans from shareholders to the businesses, or both. Three additional counts charged Haynes with preparing individuals' returns showing business losses when those individuals had not claimed to have incurred a loss from any business in the relevant year. Haynes was also convicted on each of these counts.[2]
 
 
 5
 We first consider whether we should decide issues raised by Haynes on appeal regarding jury instructions and evidentiary questions when trial counsel raised no objection to such matters at trial.
 
 
 6
 Next we consider whether the district court, in admitting Haynes' tax returns from years prior to 1979, acted in violation of the applicable statute of limitations. We finally consider whether there was error in allowing multiplicitous convictions, or in admitting unduly prejudicial evidence of similar acts against Haynes.
 
 
 7
 Haynes has also made a claim of ineffective assistance of counsel at the trial.
 
 1. Matters Not Objected to at Trial
 
 8
 On appeal, Haynes raises several issues regarding the propriety of the jury instructions and the admission of certain evidence. First, Haynes points to fourteen examples of jury instructions that he claims the district court either failed to give or gave improperly. Appellant fails to assert, however, that he requested the desired instructions[3] or that he objected to the instructions delivered by the district court. There is no indication in the record that appellant's trial counsel objected to the district court's proposed instructions pursuant to Fed.R.Crim.P. 30.
 
 
 9
 When a criminal defendant fails to object to jury instructions at trial, reversal of the resulting conviction is required only if the omission of jury instructions constituted "plain error." Fed.R.Crim.P. 52(b); United States v. Hook, 781 F.2d 1166, 1172 (6th Cir.), cert. denied, 107 S.Ct. 269 (1986); United States v. Christian, 786 F.2d 203, 213-14 (6th Cir.1986). The plain error doctrine is used only in exceptional circumstances in order to avoid a miscarriage of justice. Hook, 781 F.2d at 1172. "Moreover, an improper jury instruction will rarely justify reversal of a criminal conviction when no objection has been made at trial, ... and an omitted or incomplete instruction is even less likely to justify reversal, since such an instruction is not as prejudicial as a misstatement of the law." Id. at 1172-73 (citing Henderson v. Kibbe, 431 U.S. 145, 154-55 (1977)).
 
 
 10
 The district court's failure to give the instructions to which Haynes argues he was entitled does not rise to the level of plain error affecting Haynes' substantial rights. One point raised by Haynes is the district court's failure to instruct the jury regarding the "bank deposit method" of reconstructing income. Greenberg v. United States, 295 F.2d 903 (1st Cir.1961), cited by appellant, is not controlling in the instant case. In Greenberg, the defendant objected to the court's failure to give requested instructions to the jury regarding the nature of the government's bank deposit method, and the court had prevented defense counsel's cross-examination designed to illuminate the jury on the subject. Under those circumstances and in light of "the complexities of the bank deposit method, particularly as they existed in the case at bar," the appellate court found that the defendant was entitled to a special explanatory charge. 295 F.2d at 907 (emphasis added).
 
 
 11
 Two courts that have considered the question subsequently have found that the failure to instruct the jury on the bank deposit method did not constitute plain error. See United States v. Lassiter, 819 F.2d 84, 88 (5th Cir.1987); United States v. Wiese, 750 F.2d 674, 678 (8th Cir.1984). We believe these cases are applicable to the instant case. The bank deposit method was one of two methods (the other being the "specific item method") employed by IRS agents in determining that Haynes had understated his business receipts. In addition, the IRS agent testifying regarding her bank deposit analysis explained the nature of the analysis and explained the source and nature of the figures involved in the analysis. No reversible error occurred in this context.
 
 
 12
 Haynes also argues on appeal that the district court allowed IRS agents to testify regarding issues of law and ultimate fact. The primary basis of this argument lies in the testimony of agents regarding the propriety of deductions claimed by Haynes on his tax return.[4] The record, however, reveals no objection by defense counsel at trial with regard to the expression of opinion testimony. Unless a substantial right of a party is affected, Fed.R.Evid. 103 forecloses reliance on the improper admission of evidence as a basis of appeal when no timely objections with specific grounds are made at trial. See American Anodco, Inc. v. Reynolds Metals Co., 743 F.2d 417, 424 (6th Cir.1984). Haynes has made no showing that admission of the testimony prejudiced his substantial rights; thus he has not presented a valid basis for appeal on this issue.
 
 
 13
 Haynes' argument that the district court improperly admitted hearsay in the form of summaries based on information supplied by Haynes' clients must fail for the same reason. The government notified Haynes' trial counsel in advance of trial of its intent to offer the summaries pursuant to Fed.R.Evid. 1006 and 803(24). In addition, the client records on which the summary was based were available to Haynes from the time the case was filed. Finally, not only did trial counsel fail to object to introduction of the summary, but when the court raised the question of the summary on the record, counsel indicated that he had discussed the matter with his client and had no problem with the summary. We find no merit in Haynes' contentions accordingly based on admission of the summary.
 
 
 14
 2. Issues Regarding Acts Occurring Prior to 1980
 
 
 15
 Haynes argues in several different ways that he was improperly convicted for acts committed prior to 1980, rather than for the acts charged in the indictment, or at least that introduction of evidence of those acts was unduly prejudicial to his defense.
 
 
 16
 Haynes first argues that the jury "probably" convicted him of violations of Sec. 7206(1) and (2) based on its determination that he had committed criminal acts prior to 1980 and that therefore the applicable six-year statute of limitations, 26 U.S.C. Sec. 6531, was exceeded.[5] One of the government's theories at trial was that Haynes had overstated and falsely claimed losses in previous years and that then, in 1979, 1980, and 1981, he carried forward these misstated and improperly claimed losses in order to report tax losses or deductions in 1979, 1980, and 1981, to offset against his taxable income in those years. Haynes' basic argument is that carrying over a loss improperly stated in a prior year and claiming that tax benefit in the calculation of the current year's taxable income cannot constitute the making of a false statement on the current year's return as long as the loss carried over is arithmetically identical to the loss claimed or reflected on the prior year's return. Haynes cites no authority for this proposition, and we reject it as illogical and unfounded. When Haynes filed his returns in 1979, 1980, and 1981, he referred specifically to his returns from previous years and attached copies of the first sheets of those returns. Furthermore, in signing his returns, Haynes attested that the return and all accompanying schedules and statements were "true, correct, and complete."
 
 
 17
 The inclusion of a carryover figure reflecting a loss intentionally and improperly declared on a prior year's return constitutes a new false statement on the current year's return for statute of limitations purposes. It is no defense that the loss carried over reflects a loss previously and incorrectly asserted. Thus, even if the jury based their convictions solely on their finding that Haynes' returns overstated gross income in 1979, 1980, and 1981 by relying on improper losses from previous years, the statute of limitations claim is not a basis for overturning those convictions.
 
 
 18
 Haynes next raises a related argument: that the district court allowed the jury to convict him of multiple counts based upon a single criminal act. He raises this argument both with regard to the counts charging violation of Sec. 7206(1) and those charging violation of Sec. 7206(2). His argument basically is that he was convicted of multiple counts of filing and preparing false returns based on single acts of improperly declaring losses or recording loans by shareholders in prior years. Each time Haynes filed a return with the knowledge that a carryover loss or shareholder loan stated on the return was improperly generated, however, he committed a separate criminal act of false statement. Haynes was not convicted of two coterminous, and therefore multiplicitous offenses, and he has not suffered prejudice or been placed in double jeopardy. See United States v. Chrane, 529 F.2d 1236 (5th Cir.1976). Instead, he was convicted of separate criminal acts.
 
 
 19
 Finally, Haynes asserts that the district court's admission of prior years' tax returns was nonprobative and unduly prejudicial. The admission of evidence showing Haynes' original false deductions, however, was admissible in the trial court's discretion as bearing on the element of intent. See Amos v. United States, 496 F.2d 1269, 1273-74 (8th Cir.), cert. denied, 419 U.S. 896 (1974); cf. United States v. Brown, 548 F.2d 1194, 1199 n. 14 (5th Cir.1977). In addition, the evidence was relevant to the government's case and probative to the issues involved in the first three counts.
 
 3. Ineffective Assistance of Counsel
 
 20
 Finally, Haynes argues that his trial counsel was ineffective and that, as a result, the district court should have set aside the jury's verdict. Haynes cites to portions of the record showing counsel's alleged lack of skill in formulating questions and in cross-examining of IRS agents; generally his alleged lack of understanding regarding tax and accounting principles relevant to the case; and his failure to raise objections to the district court's jury instructions.
 
 
 21
 A convicted defendant has to make two showings to establish ineffective assistance of counsel: (1) that counsel's performance was deficient, falling below the standard of reasonably effective assistance, and (2) that counsel's errors were prejudicial to the defense. United States v. Cox, 826 F.2d 1518, 1525 (6th Cir.1987) (citing Strickland v. Washington, 466 U.S. 668 (1984)), cert. denied, 108 S.Ct. 756 (1988). If the convicted defendant fails to make a sufficient showing on one of these components, the court need not address the other component. Id. Furthermore, a reviewing court's appraisal of trial counsel's performance should be highly deferential. Blackburn v. Foltz, 828 F.2d 1177, 1180 (6th Cir.1987), cert. denied, 108 S.Ct. 1247 (1988).
 
 
 22
 While we do not believe Haynes has carried the burden of showing deficient performance and resulting prejudice, his contention has not been first addressed to the district court most familiar with counsel's performance. We decline on direct appeal to find this claim to be a basis for reversal upon a preliminary reviewing of the record. Such a claim is properly first addressed to the trial court for its attention and consideration.
 
 
 23
 Another contention made by Haynes is that "defense counsel was, at material times, representing both defendant and Eileen Reynolds, who was a defendant with Appellant in the second indictment ... and who subsequently testified against Appellant." (Appellant's brief at 40.) As Haynes asserts, a trial court that becomes aware of a potential conflict of interest is obligated to pursue the matter. United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir.), cert. denied, 107 S.Ct. 400 (1986). Haynes, however, does not point to any indication in the record whatever that the district judge was made aware of such a potential conflict or of appellant's claim in this regard. Haynes has not even pointed to any evidence in the record that such joint representation did occur "at material times." In any event, Haynes has not made a showing sufficient to give rise to a presumption of prejudice.[6]
 
 
 24
 We accordingly affirm Haynes' convictions in all respects.
 
 
 
 *
 The Honorable Odell Horton, Chief U.S. District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 The record does not reflect whether or not he paid city or state real estate taxes on his residence by reason of its status as a "church."
 
 
 [2]
 The government's brief provides a summary of the evidence presented regarding the charges of willfully aiding in the preparation of false returns
 
 
 [3]
 The district court's docket sheet does reflect that Haynes filed an eleven-page special request for jury instructions prior to trial. This request was not designated for inclusion in the record on appeal however. We have, of course, examined the instructions given to determine whether they fairly presented the issues involved to the jury
 
 
 [4]
 It is within the district court's discretion to admit an agent's testimony regarding the propriety of a deduction when the defendant claims a good faith dispute regarding interpretation of the tax law. See United States v. Clardy, 612 F.2d 1139, 1153 (9th Cir.1980). Clardy approvingly noted the trial court's contemporaneous instruction to the jury that the agent's opinion should be given only such weight as the jury wished to give it. The district court in the instant case gave a similar instruction
 
 
 [5]
 Haynes was first indicted on June 6, 1986, for filing a false return for 1979 on or about June 13, 1980. The second indictment was filed on April 22, 1987, and charged Haynes with filing a false return for 1980 on or about April 24, 1981. The second indictment also contained the charge regarding Haynes' 1981 return (filed about April 15, 1982) and the counts charging him with willfully aiding in the preparation of false and fraudulent returns. Thus, the indictments were filed within six years of Haynes' filing of the returns at issue
 
 
 [6]
 The other arguments that Haynes raises in this section of his brief also must fail. The record does not support his assertion that he was selectively prosecuted based on religion. Instead, the record shows that his returns came to the IRS's attention during a survey of lawyers and accountants in the area. "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Oyler v. Boles, 368 U.S. 448, 456 (1962). In a case such as this, selectivity may serve legitimate governmental interests. See United States v. Hazel, 696 F.2d 473, 475 (6th Cir.1983). The record also fails to support Haynes' contention that the district judge acted as an advocate for the prosecution during the trial