T.C. Memo. 1996-497


UNITED STATES TAX COURT


JOHN BRESNAHAN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10070-95.                    Filed November 5, 1996.


Frederick R.H. Witherby, Jr. (specially recognized), for

petitioner.

Mae J. Lew, for respondent.


MEMORANDUM OPINION

DEAN, Special Trial Judge:  This case was assigned pursuant

to the provisions of section 7443A(b)(3) and Rules 180, 181, and

182.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $4,012.

The sole issue for decision is whether petitioner reported the correct amount of income from a grantor trust.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Shrewsbury, Massachusetts, at the time he filed his petition.

## Background

Petitioner created a grantor trust which derived income from leasing safe deposit boxes to the Midwest Federal Savings Bank. The trust issued to petitioner a "1041 Supplement" indicating net income attributable to petitioner in 1991 of $87,519. On his 1991 Federal income tax return, however, petitioner only reported $74,955 of net income from the trust.

Respondent determined that petitioner's share of income from the trust is $87,519 and, accordingly, that petitioner had unreported income in the amount of $12,564 ($87,519 trust income less $74,955 trust income reported).

## Discussion

Petitioner concedes that he had unreported income in the amount of $5,831 and, accordingly, that his share of trust income should be $80,786. However, petitioner contends that the "1041 Supplement" he received from the trust is incorrect. Petitioner contends that his share of trust income should include an

increased deduction for depreciation in the amount of $11,382 and increased income from gain on disposition of an asset of $4,649.[2] Therefore, petitioner asserts, the $87,519 reported as petitioner's share of income from the trust on the "1041 Supplement" should be reduced by $6,733 ($11,382 increase in depreciation deduction less $4,649 increase in income from gain on disposition of asset) to $80,786.

Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115.

The parties agree that the trust involved here is a so-called grantor trust subject to the provisions of subpart E, part I, of subchapter J. When the grantor (in this case, petitioner) is treated as the owner of any portion of a trust, the grantor's taxable income and credits include those items of the trust's income, deductions, and credits attributable to the portion of the trust that the grantor is treated as owning. Sec. 671. An item of income, deduction, or credit included in computing a

---

[2]Petitioner does not explain the increase in income from the gain on disposition of the asset but, apparently, it is related to the change in the depreciation deduction.

grantor's taxable income and credits is treated as if the grantor had received or paid it directly. Sec. 1.671-2(c), Income Tax Regs. The effect of these provisions is that the trust is disregarded as a separate entity in computing the taxable income from the grantor's portion of the trust, and the grantor is taxed on the income as if he received it directly. Scheft v. Commissioner, 59 T.C. 428, 431-432 (1972). Accordingly, petitioner must establish that he is entitled to the depreciation deduction claimed as if he owned the safe deposit boxes directly, and not through the trust.

Petitioner has the burden of proving that he is entitled to the depreciation deduction claimed. Bell Electric Co. v. Commissioner, 45 T.C. 158, 167 (1965); Williams v. Commissioner, T.C. Memo. 1991-567. Petitioner presented no evidence as to the basis or recovery period of the safe deposit boxes. Accordingly, petitioner has failed to carry his burden of proving that he is entitled to a deduction for depreciation. We therefore sustain respondent's determination that petitioner had unreported income in the amount of $12,564.

To reflect the foregoing,

Decision will be entered

for respondent.