**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10308 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00379-SRB-1 |
| v. | |
| TIMOTHY RUSSELL JOHNSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted July 10, 2013[**]
Pasadena, California

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

Timothy Johnson appeals the district court's denial of his motion for a new

trial under Federal Rule of Criminal Procedure 33. Johnson filed the motion after

he was convicted on two counts of making a false statement with respect to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

information required to be kept by a federally licensed firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A), but before we affirmed his conviction on direct appeal. *See United States v. Johnson*, 680 F.3d 1140 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly denied his motion for a new trial based on the government's warrantless use of a global positioning system ("GPS") device during its investigation of his crimes. Although the Supreme Court's ruling in *United States v. Jones*, 132 S. Ct. 945 (2012), applied retroactively to Jones's case because it issued while his conviction was "pending on direct review," *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), the *Griffith* rule is "subject . . . to established principles of waiver." *Shea v. Louisiana*, 470 U.S. 51, 58 n.4 (1985). Johnson failed to move to suppress the GPS evidence at trial as required by Federal Rule of

Criminal Procedure 12(b)(3)(C), and thus he waived this argument. *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002).[1]

Even if his argument were properly presented, we would conclude that the district court did not abuse its discretion by denying Johnson's motion for a new trial. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). First, Johnson's motion is not based on any newly discovered evidence as required under Rule 33. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005). *Jones* may have bolstered Johnson's legal argument for suppression of the GPS evidence, but that cannot serve as a basis for a new trial. *United States v. Hamling*, 525 F.2d 758, 759 (9th Cir. 1975) (per curiam) ("Evidence will not be deemed 'newly discovered' simply because it appears in a different light under a new theory. [A] party who desires to present his case under a different theory in which facts available at the original trial now first become important, will not be

---

[1] Moreover, although in certain circumstances "we may consider an issue raised for the first time on appeal if . . . the new issue arises while the appeal is pending because of a change in the law," *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990), no new issue of law arose while *this* appeal was pending. Although that exception may have allowed Johnson to raise his *Jones* argument for the first time before the three-judge panel that presided over his direct appeal of his conviction, *cf. United States v. Anderson*, 472 F.3d 662, 669-70 (9th Cir. 2006)—a question we need not address—he failed to raise it while his direct appeal was still pending.

granted a new trial.”); *accord United States v. Shelton*, 459 F.2d 1005, 1006-07 (9th Cir. 1972) (per curiam).

Moreover, nothing in Johnson’s motion “indicate[s] that a new trial would probably result in acquittal.” *Harrington*, 410 F.3d at 601. The Supreme Court’s decision in *Jones* would not have entitled Johnson to a suppression remedy because the government’s actions comported with our precedent at the time of the investigation. Prior to *Jones*, “circuit precedent held that placing an electronic tracking device on the undercarriage of a car was neither a search nor a seizure under the Fourth Amendment” and that “the government does not violate the Fourth Amendment when it uses an electronic tracking device to monitor the movements of a car along public roads.” *United States v. Pineda-Moreno*, 688 F.3d 1087, 1090 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 994 (2013) (citing *United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999); *United States v. Hufford*, 539 F.2d 32, 34 (9th Cir. 1976); and *United States v. Miroyan*, 577 F.2d 489, 492 (9th Cir. 1978)). Because “searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule,” *Davis v. United States*, 131 S. Ct. 2419, 2423-24 (2011), the government could introduce

the same evidence at any re-trial as it did in securing Johnson's original conviction.

Thus, Johnson has suffered no prejudice.[2]

Finally, the district court did not abuse its discretion in declining to hold an evidentiary hearing on Johnson's motion for a new trial. *United States v. Del Muro*, 87 F.3d 1078, 1080 n.3 (9th Cir. 1996); *United States v. Scott*, 521 F.2d 1188, 1195–96 (9th Cir. 1975).

**AFFIRMED.**

---

[2] This point also disposes of any contention that the district court plainly erred by failing to suppress the GPS evidence sua sponte.  Because any such error was not prejudicial, it does not rise to the level of plain error.  *See United States v. Olano*, 507 U.S. 725, 734 (1993).  It also disposes of Johnson's claim that *Brady v. Maryland*, 373 U.S. 83 (1963) entitles him to a new trial.  Even if we assume that exculpatory evidence was withheld at Johnson's trial, *Brady* error is cognizable only if the prosecution withheld evidence that creates a reasonable probability of a different result.  *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (en banc).  Because Johnson would not be entitled to a suppression remedy under *Davis,* there is no probability that any failure to disclose the absence of a warrant affected the outcome of his trial.