HAYNSWORTH, Chief Judge:
Bell Helicopter Textron was sued by the estates of two former pilots of the Virginia National Guard, who were killed when a helicopter, manufactured by Bell Textron, crashed. Bell Textron had sold the helicopter to the United States in 1966 which, after using the helicopter for several years, lent the helicopter to the Virginia National Guard. Bell Textron impleaded as third-party defendants the United States, the Commonwealth of Virginia, and the Virginia National Guard, seeking indemnity and contribution in the event Bell Textron was held liable. Though these third-party defendants were more responsible for the crash than Bell Textron, the district court granted summary judgment for each of the third-party defendants because of their immunity to this suit. During the pendency of this appeal, Bell Textron settled the claims of the original plaintiffs.
Bell Textron is placed in a very difficult position by the expanding doctrines of products liability and the relatively inflexible doctrines of sovereign immunity and Eleventh Amendment immunity, but unfortunately for it, the law is clearly against it.
The recent decision in Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), clearly forecloses Bell Textron’s claim under the Federal Tort Claims Act against the United States. Without a waiver under that Act, the doctrine of sovereign immunity bars any claim by Bell Textron against the United States. Similarly, Bell Textron’s claims against the Commonwealth and the Virginia National Guard, at least in federal court, are barred by the Eleventh Amendment. The Commonwealth has not expressly consented to be sued in this type of case, and, after considering all of the circumstances and relevant factors, we conclude that the Commonwealth has not implicitly waived its immunity to this type of lawsuit. See Employees v. Missouri Public Health Dept. 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); Parden v. Terminal R. Co. of Alabama, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Petty v. Tennessee-Missouri Bridge Comm’n, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959); Dawkins v. Craig, 483 F.2d 1191 (4th Cir. 1973), cert. denied, 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974); Chesapeake Bay Bridge & Tunnel District v. Lauritzen, 404 F.2d 1001, 1003 (4th Cir. 1968).
We believe the district court correctly interpreted the law and granted summary judgment for each of the third-party defendants. The judgments of the district court are affirmed.
AFFIRMED.