**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Noble C. BEASLEY, Defendant-Appellant.**

No. 77–5302.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1978.

Jonathan Shapiro, Boston, Mass., for defendant-appellant.

Wm. A. Kimbrough, Jr., U. S. Atty., William R. Favre, Asst. U. S. Atty., Mobile, Ala., Ann T. Wallace, Atty. Appellate Sect. Criminal Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

---

ON PETITION FOR REHEARING

(Opinion July 13, 1978, 5 Cir., 1978, 576 F.2d 626)

Before SKELTON,* Senior Judge, FAY and RUBIN, Circuit Judges.

PER CURIAM:

■ On application for rehearing, Beasley argues that his tax conviction cannot withstand collateral attack; he assaults, in part, this Court's review of his conviction on appeal. *United States v. Beasley,* 5 Cir. 1975, 519 F.2d 233. That book is now closed except to the extent that collateral relief under Section 2255 is warranted. We have reconsidered the argument, however, that Beasley's tax conviction cannot stand independently, now that a new trial of the heroin conspiracy charge has been ordered, because, it is asserted, Diamond's credibility was a "major underpinning of the tax conviction." We do not reach that conclusion.

■ No question has been raised about the sufficiency of the evidence to prove that there was a substantial understatement of income. However, because the tax prosecution was on a net worth basis, it was necessary, of course, for the government either to prove that Beasley had a likely source of income or to negative the existence of nontaxable sources of the unreported income.[1] *Holland v. United States,* 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; *United States v. Massei,* 1958, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517. It is in this light that we reconsider the importance of the possi-

---

* Senior Judge of the United States Court of Claims, sitting by designation.

1. In our original opinion, we pointed out, and we have not now overlooked, the fact that the U. S. Attorney stated in argument that the heroin charge was important in achieving the conviction because it enabled the government to point to a source of unreported funds. We take this to mean that the heroin charge made the testimony of Miss Heron admissible; under the provisions of Rule 403, Federal Rules of Evidence, this testimony might otherwise have been inadmissible as unduly prejudicial. The evidence of heroin dealing as a likely source of income thus provided the prosecutor with a tactical advantage in a jury trial. The U. S. Attorney's statement does not, in our opinion, amount to a concession that, if Diamond had been discredited, the jury might have acquitted Beasley on the tax counts.

bility, recognized in our prior opinion, *United States v. Beasley,* 5 Cir. 1978, 576 F.2d 626, that Diamond's testimony, linking Beasley to a conspiracy to distribute heroin, might have been impeached had defense counsel been furnished the material we there discussed.

Diamond's testimony was an important, perhaps indispensable, link in the proof of the alleged Beasley-Finley-Matthews-Wilson conspiracy but it had little evidentiary weight with respect to the tax counts. Acquittal of Beasley on the charge of conspiracy to distribute heroin would not, in our opinion, have resulted also in his acquittal on the tax charge. The jury might have concluded—indeed, may well yet conclude—that all the essential elements of the heroin conspiracy charge were not proved; yet there was abundant independent evidence to sustain the conviction on the tax counts, both because there was ample separate evidence of a likely source of taxable income, and because the government bore its burden of negating nontaxable sources.

Barbara Heron's testimony provided proof of a likely source of income even if all of Diamond's testimony were discredited and even if the jury concluded that Beasley never conspired with Finley, Matthews, and Wilson. Beasley argues, however, that there is no way to know whether the jury relied on Miss Heron's testimony or on Diamond's in reaching its verdict on the tax charge. It is, of course, well established that, where it is impossible to determine whether a jury verdict rested on permissible or impermissible considerations, a conviction based on that verdict must be reversed. *Stromberg v. California,* 1931, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117. *See also Bachellar v. Maryland,* 1970, 397 U.S. 564, 571, 90 S.Ct. 1312, 1316, 25 L.Ed.2d 570; *Leary v. United States,* 1969, 395 U.S. 6, 31–2, 89 S.Ct. 1532, 1545–46, 23 L.Ed.2d 57; *United States v. Meriwether,* 5 Cir. 1971, 440 F.2d 753, 757.

This rule was correctly applied in *Beck v. United States,* 9 Cir. 1962, 298 F.2d 622, *cert. denied,* 1962, 370 U.S. 919, 82 S.Ct. 1558, 8 L.Ed.2d 499. In *Beck,* the defendant was charged, among other things, with tax evasion. The jury heard evidence from which it could be concluded that the funds on which Beck did not pay taxes were either (a) a loan to him; (b) embezzled; or (c) fraudulently obtained double reimbursement for travel expenses incurred on behalf of Beck's union. If this had been a loan, the conviction would not be sustained; if the funds had been believed to be embezzled, it would have been necessary to prove specific intent to evade taxes, which was not shown. However, the jury could have properly convicted Beck had it been satisfied that he fraudulently obtained double reimbursement. The court reversed the tax evasion counts because, "When two theories are submitted to a jury, one of which is incorrect, a general verdict of guilty must be reversed even though the jury was properly instructed upon the alternate theory," 298 F.2d at 631.

Here, unlike *Beck, Meriwether,* and the other cases cited, the government presented no impermissible, unconstitutional, or unsupported theory. There was potentially impeachable evidence from Diamond, but the jury could have relied on it in any case, even if the inconsistent statements had been utilized. Unlike *Beck's* jury, the jury in *Beasley* was presented with only one theory of the source of unreported income: Beasley's profits from heroin sales. Barbara Heron presented evidence from which the jury could conclude, beyond reasonable doubt, that Beasley sold heroin whether or not he ever engaged in a conspiracy with Finley, Matthews and Wilson; consequently, there is little likelihood that Beasley was prejudiced in this regard by the introduction of Diamond's testimony unimpeached by the *Jencks* material that should have been produced.

■ Even were we to conclude that the *Stromberg-Meriwether-Beck* lines of cases requires that Diamond's testimony be treated at this time as if the jury were obligated to disbelieve it, we would still find that the government proved guilt beyond a reasonable doubt because it effectively negatived all potential sources of nontaxable income.

See, e. g., *United States v. Costanzo*, 2 Cir. 1978, 581 F.2d 28, 32–3; *United States v. Schipani*, 2 Cir. 1969, 414 F.2d 1262, 1267, cert. denied, 1970, 397 U.S. 922, 90 S.Ct. 902, 25 L.Ed.2d 102. The government's burden in a net worth tax evasion case is to establish with reasonable certainty the opening net worth, and produce evidence of a thorough investigation that uncovered no sources of nontaxable income. *United States v. Penosi*, 5 Cir. 1971, 452 F.2d 217, cert. denied, 1972, 405 U.S. 1065, 92 S.Ct. 1495, 31 L.Ed.2d 795. The investigation need not rule out all possible nontaxable sources; the government cannot be expected to launch an exhaustive and expensive search for something that may not exist when the defendant supplies no explanation for the excess income. "Once the Government has established its case, the defendant remains quiet at his peril." *Holland, supra*, 348 U.S. at 138–39, 75 S.Ct. at 137, 99 L.Ed. at 166. *See also United States v. Boulet*, 5 Cir. 1978, 577 F.2d 1165, 1168; *United States v. Slutsky*, 2 Cir. 1973, 487 F.2d 832, 842, cert. denied, 1974, 416 U.S. 937, 94 S.Ct. 1937, 40 L.Ed.2d 287; *United States v. Mackey*, 7 Cir. 1965, 345 F.2d 499, 506, cert. denied, 1965, 382 U.S. 824, 86 S.Ct. 54, 15 L.Ed.2d 69.

A thorough investigation must, of course, be one "which removes any reasonable doubt that the defendant's unreported income came from nontaxable sources." *United States v. Hiett*, 5 Cir. 1978, 581 F.2d 1199, 1202. Here, as in *Hiett*, such an investigation was conducted. Under these circumstances, the government carried its burden of proof beyond a reasonable doubt that defendant was guilty of tax evasion even without the testimony of Miss Heron or Diamond.

For these reasons, IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.