16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tomie L. BELCHER, Defendant-Appellant.
 Nos. 92-3248, 92-3287.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 Before EBEL, Circuit Judge, RONEY, Senior Circuit Judge,* and KELLY, Circuit Judge.
 ON PETITION FOR REHEARING
 PER CURIAM:
 
 
 1
 This petition for rehearing challenges the soundness of our prior decision affirming the defendant's convictions. The defendant contends that our prior opinion did not give sufficient attention to the allegations in the indictment and therefore misapplied the law to the facts of this case, thereby permitting the defendant to be convicted of an offense not set forth in the indictment. Upon review, it is clear that the defendant's convictions must be reversed, rather than affirmed.
 
 
 2
 In September 1991, a grand jury returned an indictment against the defendant, Tomie L. Belcher, charging him with four counts of filing false income tax returns in violation of 26 U.S.C. Sec. 7206(1). Specifically, the indictment alleged that "Tomie L. Belcher well knew his taxable income for the year 1985 was substantially in excess of [his reported taxable income of] $672.54," with different years and amounts in the other counts. Both the district court, and this Court in the prior opinion, treated the case as if the clause regarding taxable income were not a part of the indictment. Relying on United States v. Lassiter, 819 F.2d 84 (5th Cir.1987), we stated that under Sec. 7206(1) "[t]he criminal act of under-reporting gross income is not cured by the existence of corresponding unreported deductions." Although that is a correct statement of the law, it was incorrectly applied to this case. The indictment charged Belcher with under-reporting taxable income, not gross income. Taxable income is what remains only after all lawful exemptions and deductions are subtracted from gross income. United States v. Quinto, 582 F.2d 224, 228 n. 1 (2d Cir.1978). Thus, the jury could not properly have concluded that Belcher misrepresented his taxable income without considering the admissible evidence regarding his alleged deductions.
 
 
 3
 It was therefore error for the district court to instruct the jury in this case that "[i]t is not a defense to a charge of willfully filing a false income [tax] return pursuant to 26 U.S.C. Sec. 7206(1) to show that the taxpayer had permissible business expense deductions which he also neglected to report on his tax returns." Had the Government simply charged Belcher with falsifying his tax return, the alleged deductions would not have been a potential defense because such deductions would not affect other inaccuracies on the return. Under Sec. 7206(1), the prosecution is generally not required to prove "the existence of any taxable income." United States v. Taylor, 574 F.2d 232, 234 (5th Cir.), cert. denied, 439 U.S. 893 (1978). But where the indictment specifically charges a defendant with under-reporting taxable income, the Government obligates itself to establish unreported taxable income for the years in question, just as though it were prosecuting a tax evasion case under 26 U.S.C. Sec. 7201. See United States v. Abodeely, 801 F.2d 1020, 1025 (8th Cir.1986) ("[u]nder any Sec. 7201 tax evasion case the government must show unreported taxable income as an element of its proof"). In Sec. 7201 prosecutions, the existence of unreported business deductions can be a complete defense. United States v. Quinto, 582 F.2d at 228 n. 1. Logically, the same defense must be available here.
 
 
 4
 In response to the argument that the jury was improperly instructed, the Government asserts only that even giving Belcher "every benefit of the doubt" regarding purported deductions, the evidence showing that he misrepresented his taxable income was overwhelming. Even assuming that is correct, however, and that a conviction for the charge contained in the indictment is well supported, the convictions must nevertheless be reversed because the court's erroneous instructions constructively amended the indictment.
 
 
 5
 "An indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment." United States v. Apodaca, 843 F.2d 421, 428 (10th Cir.), cert. denied, 488 U.S. 932 (1988). Here, the instructions, which prevented the jury from considering business deductions as a defense, combined with the Government's "overwhelming" evidence that Belcher failed to report over $300,000 in gross income for the years in question, clearly raise the possibility that Belcher was convicted of falsifying his gross income, rather than his taxable income. Such an expansion of the scope of an indictment is unconstitutional and constitutes reversible error per se. Id., 843 F.2d at 428; see also United States v. Adams, 778 F.2d 1117 (5th Cir.1985) (reversal required where defendant charged only with using false name in connection with firearm transaction may instead have been convicted for using false address); United States v. Leichtnam, 948 F.2d 370 (7th Cir.1991) (constructive amendment occurs where defendant charged with unlawfully possessing a particular firearm, but jury instructions permit conviction for possessing a different firearm).
 
 
 6
 It is important to note, finally, that the factual allegations in the indictment regarding Belcher's under-reporting his taxable income are not mere surplusage. An indictment alleging a violation of Sec. 7206(1) must, of course, "provide the essential facts necessary to apprise the defendant of the crime charged". United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir.1993). Clearly, an indictment charging a defendant with preparing false tax returns would fall short of that requirement if it failed to "identif[y] the particulars in which the returns were alleged to be false." See id.
 
 
 7
 Even assuming, however, that the specific factual averments were unnecessary, the Government made taxable income an essential element of the offense by framing the indictment as it did. "[W]hen only one particular kind of falsity is charged, ... a conviction must rest on that charge and not another, even though a conviction might have rested on a more general indictment...." United States v. Adams, 778 F.2d at 1125. Here, by obtaining a narrow indictment, the government limited the bases upon which Belcher could be convicted.
 
 
 8
 Because the jury instructions impermissibly broadened those bases, the petition for rehearing is granted, the convictions are reversed, and the case is remanded for a new trial.
 
 
 
 *
 Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation