T.C. Memo. 2012-148

UNITED STATES TAX COURT

BARBARA K. WEST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9498-09.[1]                           Filed May 24, 2012.

Barbara K. West, pro se.

<u>Anne M. Craig</u>, for respondent.

_____

[1]The Court initially granted petitioner's request that the case be conducted as a small tax case. At the commencement of trial the Court noted that the deficiency including the addition to tax and penalty for 2006 exceeded $50,000. As a result the Court concluded that the case did not qualify for small tax case treatment. <u>See</u> sec. 7463(a), (e). The Court directed that the small tax case designation be removed and that the proceeding not be conducted under small tax case procedures. <u>See</u> Rule 171(c). Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Pursuant to section 7443A and Rules 180 and 183, this case was assigned to and heard by Chief Special Trial Judge Peter J. Panuthos.  His recommended findings of fact and conclusions of law were filed and served upon the parties on November 16, 2011.  Petitioner and respondent filed no objection to the Chief Special Trial Judge's recommended findings of fact and conclusions of law.

After reviewing the record in this case and the report of the Chief Special Trial Judge, we adopt the recommended findings of fact and conclusions of law of Chief Special Trial Judge Panuthos as the report of the Court.

Respondent determined deficiencies, additions to tax, and penalties for petitioner's 2005, 2006, and 2007 Federal income tax in the following amounts:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|------------------------------|--------------------|
| 2005 | $630 | $100.00 | -- |
| 2006 | 35,463 | 8,858.25 | $7,092.60 |
| 2007 | 12,714 | 3,178.50 | 2,542.80 |

The issues for decision are:  (1) whether petitioner received unreported income for 2005, 2006, and 2007; (2) whether petitioner is entitled to business expense deductions in excess of those respondent allowed for 2006 and 2007;

(3) whether petitioner is liable for a section 6651(a)(1) addition to tax for 2005, 2006, and 2007; and (4) whether petitioner is liable for a section 6662(a) penalty for 2006 and 2007.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida when she filed her petition.

Petitioner moved to Florida from Colorado in 1998. In December 2005 she opened Alex's Family Restaurant and operated it as a sole proprietorship throughout 2006 and 2007. Petitioner owned and operated Sea Breeze Restaurant as a sole proprietorship from March through October 2006. She also operated and was the sole shareholder of Jasmine West, LLC, during 2006 and through June 2007. Petitioner maintained a bank account for each business as well as multiple personal bank accounts.[2] She employed a bookkeeper in 2006 for her businesses but did not

---

[2]The record reflects that petitioner maintained one bank account for Alex's Family Restaurant, one for Sea Breeze Restaurant, one for Jasmine West, LLC, under the name of "Barbara West D/B/A Zorba's", and two personal bank accounts.

otherwise maintain books for the businesses.[3]  She often borrowed funds from one business to pay the expenses of another business.  Petitioner's other sources of funds for the businesses included proceeds from the sale of real estate and personal loans from friends.

Petitioner did not timely file her Federal income tax return for 2005, 2006, or 2007.  A representative of the Internal Revenue Service (IRS) contacted petitioner in 2008 and informed her of her filing requirement.  Petitioner thereafter filed delinquent returns.[4]

The IRS requested petitioner's business records to verify her income.  She provided to the IRS check registers for some of the bank accounts and some bank records.  The IRS thereafter requested from the bank petitioner's complete bank records.  The IRS reviewed petitioner's business and personal bank accounts and performed a bank deposits analysis.  The IRS examiner discussed the various entries

---

[3]The record does not reflect the scope of the bookkeeper's responsibilities. Petitioner did not provide any books or records at trial.

[4]Petitioner filed a 2005 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, and a 2007 Form 1040, U.S. Individual Income Tax Return, on June 13, 2008.  Petitioner also filed a 2006 Form 1040 on August 28, 2008, and a 2006 Form 1120S, U.S. Income Tax Return for an S Corporation, on August 29, 2008.  It appears petitioner also submitted at least one amended return to the IRS examiner.  The 2005 return attached as an exhibit to the stipulations does not include a Schedule C, Profit or Loss From Business, or any business income.

with petitioner and accepted her characterization of many of the deposits she could identify. Petitioner failed to provide complete records to substantiate business expenses or nontaxable items and was unable to identify all of the deposits listed in the bank records.

On March 3, 2009, respondent issued to petitioner a notice of deficiency for 2005, 2006, and 2007. Using a bank deposits analysis, respondent determined that petitioner had omitted income as follows:

|  | 2005 | 2006 | 2007 |
|---|---|---|---|
| Total deposits | $244,564.54 | $265,311.95 | $146,171.64 |
| Nontaxable items | (119,490.00) | (40,275.49) | (11,347.62) |
| Net deposits (gross receipts) | 125,074.54 | 225,036.46 | 134,824.02 |
| Amounts reported as gross receipts | 113,482.53 | 73,909.00 | 85,222.00 |
| Adjustment | 11,592.01 | 151,127.46 | 49,602.02 |

Respondent also determined an addition to tax for delinquent filing of returns and a negligence penalty. On April 20, 2009, petitioner filed a petition disputing the determinations in the notice of deficiency.

OPINION

I. Unreported Income

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that

the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Therefore, the burden of proof remains on petitioner to show that the deposits are not taxable income. See Rule 142(a); Dodge v. Commissioner, 96 T.C. 172, 181 (1991), aff'd in part, rev'd in part and remanded on other grounds, 981 F.2d 350 (8th Cir. 1992); Reaves v. Commissioner, 31 T.C. 690, 718 (1958), aff'd, 295 F.2d 336 (5th Cir. 1961).

Taxpayers are required to maintain adequate books and records which reflect income in order to substantiate claimed tax deductions and to produce those records to the IRS when requested. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. When a taxpayer fails to keep adequate books and records, the Commissioner is authorized to determine the existence and amount of the taxpayer's income by any method that clearly reflects income. See sec. 446(b); Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989). The Commissioner may use indirect methods, and he is given latitude in determining which method of reconstruction to apply. Id. The Commissioner's reconstruction of a taxpayer's

income need only be reasonable in the light of all surrounding facts and circumstances. Schroeder v. Commissioner, 40 T.C. 30, 33 (1963); see also Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).

One of the indirect methods of reconstructing income is the bank deposits method. "The use of the bank deposit[s] method for computing income has long been sanctioned by the courts." Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), aff'd, 566 F.2d 2 (6th Cir. 1977); see also United States v. Innes, 270 Fed. Appx. 899, 903 (11th Cir. 2008); United States v. Boulet, 577 F.2d 1165, 1171 (5th Cir. 1978). Bank deposits constitute prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); see also Clayton v. Commissioner, 102 T.C. 632, 645 (1994). When a taxpayer's books or records are inadequate or incomplete and the taxpayer has large bank deposits, the Commissioner is not acting arbitrarily or capriciously by resorting to the bank deposits method to reconstruct income. See DiLeo v. Commissioner, 96 T.C. 858, 867-868 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992).

The bank deposits method of reconstruction assumes that all of the deposits into a taxpayer's account are taxable income unless the taxpayer can show that the deposits are not taxable. Id. at 868-869. The Commissioner need not show a likely source of the income when using the bank deposits method, but he must take into

account any nontaxable items or deductible expenses of which he has knowledge. See Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964); see also DiLeo v. Commissioner, 96 T.C. at 868.

The record reflects that petitioner conducted more than one business activity during the years in issue. The record also reflects that petitioner either failed to keep adequate books and records or failed to provide them during the examination of her returns. As a result, respondent used the bank deposits method to determine gross receipts and business expenses.

During the examination and reconstruction petitioner met with the IRS examiner to identify various deposits and their nature as loans, proceeds from sale of real estate, and other items. Although the examiner accepted the characterizations of many entries in the bank records as petitioner proposed, petitioner was unable to identify all of the deposits. As a result, the examiner concluded that petitioner neither included all of the gross receipts on her returns nor substantiated all of her claimed business expenses for 2005, 2006, and 2007.

At trial petitioner did not assert that any of the deposits characterized as income were nontaxable items. She presented some very generalized testimony that her businesses did not make money. She did not provide any documents to the Court to support a finding that any of the deposits were nontaxable items.

Therefore, we find that petitioner had unreported income for 2005, 2006, and 2007 in the amounts respondent determined.

II.  Schedule C Deductions

Deductions are a matter of legislative grace.  Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a);  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933); Wilson v. Commissioner, T.C. Memo. 2001-139.  The fact that a taxpayer reports a deduction on the taxpayer's income tax return is not sufficient to substantiate the claimed deduction.  Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974).  Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct.  Wilkinson v. Commissioner, 71 T.C. at 639; Roberts v. Commissioner, 62 T.C. at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v. Commissioner, 7 T.C. 245, 245-250 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), aff'd, 175 F.2d 500 (2d Cir. 1949).  A taxpayer must substantiate amounts claimed as deductions by

maintaining the records necessary to establish that he or she is entitled to the deductions.  Sec. 6001.

Section 162(a) provides a deduction for certain business-related expenses.  In order to qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense."  Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Deputy v. du Pont, 308 U.S. at 495 (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of business involved").  Whether an expense is ordinary is determined by time, place, and circumstance.  Welch v. Helvering, 290 U.S. at 113-114.

A review of this record was made exceedingly difficult as the tax return information did not align with the adjustments in the notice of deficiency.  Although respondent apparently allowed some Schedule C business expense deductions and disallowed others, the notice of deficiency did not clearly identify these items, nor did respondent offer a clear explanation in his trial memorandum or at trial.  On the other hand, petitioner failed to present any documentary evidence or testimony that would suggest that she is entitled to additional Schedule C business expense deductions.  The record reflects that petitioner owned and operated several

businesses during the years in issue and likely incurred business expenses. However, petitioner relies on her very general statement that she did not make a large profit. Without evidence of the nature or amounts of expenses, we have no basis upon which to allow additional Schedule C business expense deductions.

III. Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (including extensions) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.

Respondent has satisfied his burden of production under section 7491(c) by establishing, as petitioner acknowledges, that petitioner did not file her 2005, 2006, and 2007 Federal income tax returns by their due dates. Therefore, petitioner bears the burden of proving that her failure to file the returns was due to reasonable cause and not due to willful neglect. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001); Ruggeri v. Commissioner, T.C. Memo. 2008-300.

Reasonable cause is a defense to the section 6651(a)(1) addition to tax. To prove reasonable cause for a failure to timely file, the taxpayer must show that she exercised ordinary business care and prudence and was nevertheless unable to file

the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The determination of whether reasonable cause exists is based on all the facts and circumstances. Estate of DiRezza v. Commissioner, 78 T.C. 19, 33 (1982); Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211; Merriam v. Commissioner, T.C. Memo. 1995-432, aff'd without published opinion, 107 F.3d 877 (9th Cir. 1997).

Petitioner alleges that she did not file her returns because she believed she did not make enough combined profit in her businesses to be required to file a return. When the IRS contacted petitioner in 2008, the agent informed her that she was required to file tax returns. Petitioner thereafter hired a return preparer and filed delinquent returns for 2005, 2006, and 2007. Petitioner gave no other reason for her failure to file the 2005, 2006, and 2007 returns. Petitioner's mistaken belief does not constitute reasonable cause for failure to timely file her returns. See Henningsen v. Commissioner, 26 T.C. 528, 536 (1956) ("there is no showing that advice of counsel was in fact sought or relied upon. Mere uninformed and unsupported belief by a taxpayer, no matter how sincere that belief may be, that he is not required to file a tax return, is insufficient to constitute reasonable cause for his failure so to file."), aff'd, 243 F.2d 954 (4th Cir. 1957); see also Soltan v. Commissioner, T.C. Memo. 2010-91.

We conclude that petitioner has not shown her failure to timely file returns was due to reasonable cause. Therefore, we find that petitioner is liable for the section 6651(a)(1) addition to tax for 2005, 2006, and 2007.

IV. Accuracy-Related Penalty

Taxpayers may be liable for a 20% penalty on the portion of an underpayment of tax attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. An "understatement of income tax" is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

A taxpayer may avoid the application of an accuracy-related penalty by proving she acted with reasonable cause and in good faith. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 446-448; sec. 1.6664-4(a), Income Tax Regs. We analyze whether a taxpayer acted with reasonable cause and in good faith by examining the relevant facts and circumstances and, most importantly, the extent to which the taxpayer attempted to assess her proper tax liability. See Neely v. Commissioner, 85 T.C. at 947; Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. In order for the reasonable cause exception to apply, the taxpayer must prove that she exercised ordinary business care and prudence as to the disputed items. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Respondent has met his burden of production under section 7491(c) for the accuracy-related penalty for negligence by showing that petitioner omitted gross receipts and failed to maintain adequate records. Petitioner provided no documentation to the Court and made no attempt to prove the source or nature of the unreported income or to substantiate various disallowed expenses. Petitioner did not show that she made a reasonable attempt to comply with the Code or that

she acted in good faith.  She failed either to maintain or to produce books and records with respect to her business activities.

We conclude that petitioner is liable for the section 6662(a) accuracy-related penalty for negligence for 2006 and 2007.  Because we have found that petitioner is liable for the accuracy-related penalty for negligence, we need not discuss whether she had a substantial understatement of income tax.

To reflect the foregoing,

Decision will be entered

for respondent.